JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Robert Hayes ("defendant") appeals from the sentence imposed by the trial court. Defendant maintains that the trial court failed to adhere to applicable sentencing statutes when it imposed the maximum sentence. After reviewing the record, we affirm.
 {¶ 2} Defendant pled guilty to possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree. He committed this offense while serving a term of probation for a DUI offense committed in Cuyahoga County in 1998.
 {¶ 3} At sentencing, defendant presented evidence reflecting his participation in substance abuse programs. Defense counsel described defendant as a "model probationer" and a "model worker" who has genuine remorse. In contrast, the presentence investigation report detailed defendant's criminal history which includes, but is not limited to, four convictions for driving under the influence. It further indicated that defendant was a poor candidate for probation. Defendant had not only committed this felony drug offense while on probation, but had also committed another felony DUI offense in Ashland County while on probation.
 {¶ 4} After considering comments by defense counsel, defendant's probation officer, and the presentence investigation report, the trial court stated in relevant part:
 {¶ 5} "[i]n this new case I'm going to impose a year at Lorain Correctional Institution.
 {¶ 6} "This is an offense committed while you were on supervision. I think to give the shortest prison sentence would demean the seriousness of your conduct, and I do not believe it will adequately protect the public from future crimes. You continue to use. You've had a number of DUI's, and I'm fearful for you and for the community that if you continue to use you're going to end up involved in some great calamity and tragedy that will be far greater than what's occurring right now.
 {¶ 7} "* * *
 {¶ 8} "I realize you have a long-standing problem. Unfortunately, we haven't been able to address it adequately, and maybe incarceration will have some impact. * * *" (Tr. 9).
 {¶ 9} The court ran the sentence it imposed in this case concurrent with a one-year sentence imposed by the Ashland County court for defendant's other felony DUI offense. The court also imposed a one-year prison sentence on the defendant with regard to his probation violation relating to his Cuyahoga County felony DUI offense. That sentence is not at issue in this appeal.
 {¶ 10} Defendant appeals assigning the following sole assignment of error for our review:
 {¶ 11} "I. The trial court erred by imposing a maximum sentence in violation of R.C. 2929.14, R.C. 2929.19, and 2929.24."
 {¶ 12} Under this error, defendant first contends that the trial court failed to comport with R.C. 2929.14(B) when it deviated from imposing the minimum term on this case concerning his drug possession offense. This contention lacks merit.
 {¶ 13} R.C. 2929.14(B) provides, in relevant part, as follows:
 {¶ 14} "(B) Except as provided * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender has not previously served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 15} In addressing the trial court's discretion in deviating from imposing the shortest prison term, the Ohio Supreme Court directs that "a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum." State v. Edmonson (1999),86 Ohio St.3d 324, 327. However, the trial court need not give its reasons. Instead, the court must note that "it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326.
 {¶ 16} In this case, the court complied with the statutory directives as expounded upon by the Ohio Supreme Court. The court found both sanctioned reasons applicable for deviating from imposing the shortest prison term. Ibid.
 {¶ 17} Defendant next contends that the trial court failed to comply with R.C. 2929.14(C) when it imposed the maximum sentence. R.C. 2929.14(C) provides in pertinent part:
 {¶ 18} "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes * * *."
 {¶ 19} R.C. 2929.19(B)(2) also applies and requires the trial court to set forth its reasons for imposing maximum prison terms. In doing so, the court must consider the overriding purposes and principles of felony sentencing contained in R.C. 2929.11 and any factors contained in R.C. 2929.13(B)(1)(a) to (I). Edmonson, supra.
 {¶ 20} The State contends that it is clear from the record that the trial court found defendant to pose the greatest likelihood of committing future crimes. We have repeatedly held that it is not necessary to use the exact language of the statute as long as it is clear from the record that the trial court made the required findings. E.g.,State v. Hollander (2001), 144 Ohio App.3d 565, 569; State v. Castro, Cuyahoga App. No. 81122, 2002 Ohio 5568. Accordingly, while the trial court failed to couch its finding in the exact statutory language, we feel it is clear from the record that the court found defendant to pose the greatest likelihood of committing future crime. Noting the defendant's "number of DUI's" and his continued substance abuse, the court observed that probation had not adequately addressed defendant's long-standing substance abuse problem such that a greater "calamity" or "tragedy" was inevitable and that a minimum sentence would not protect the public from "future crimes."
 {¶ 21} The court's comments taken within the context of defendant's repeated felony DUI and drug possession offenses, committed while on probation in more than one case, make it sufficiently clear in the record that the court considered defendant to pose the greatest likelihood of committing future crimes. Thus, we conclude that the court made the requisite category finding for imposing the maximum sentence.
 {¶ 22} The court also provided the required reasoning to support the finding. As the record reflects, the trial court reasoned that defendant had committed the offense while under supervision. See R.C.2929.13(B)(1)(h). In addition, the record indicates the presence of at least three statutory factors indicative of a finding that the offender is likely to commit future crimes. See R.C. 2929.12(D)(1)-(3). For these reasons, we find that the trial court complied with the statutory directives for imposing a maximum sentence. Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS.
 ANNE L. KILBANE, P.J., CONCURS WITH SEPARATE CONCURRING OPINION.
(See separate concuring opinion attached).