JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Anthony Hunter, was convicted by the Cuyahoga County Common Pleas Court, following negotiated guilty pleas, of aggravated burglary and felonious assault in Case No. CR-415551; aggravated burglary, with two repeat violent offender and notice of prior conviction specifications, in Case No. CR-411611; and receiving stolen property in Case No. CR-411627.
 {¶ 2} The convictions arose out of separate incidents that occurred in August, 2001 when appellant robbed two elderly women while they were at home in their apartments in the St. Vitus neighborhood of Cleveland. Appellant broke into the apartment of the first victim, an eighty-year-old woman, at 3:00 a.m. and forced her into a closet, where she remained for nearly five hours until a family member found her. The next day, appellant forced his way into the home of the second victim, a ninety-year-old woman, blindfolded and gagged her and then tied her hands behind her back and tried to suffocate her with a pillow when she continued to struggle with him.
 {¶ 3} In Case No. CR-415551, the trial court sentenced appellant to the maximum ten years incarceration for the aggravated burglary and a consecutive maximum eight years for the felonious assault. In Case No. CR-411611, the trial court sentenced appellant to the maximum ten years for the aggravated burglary and a consecutive maximum sentence of ten years incarceration for the repeat violent offender and notice of prior conviction specifications. In Case No. CR-411627, the trial court sentenced appellant to nine months incarceration. The trial court ordered the sentences in the three cases to be served concurrently to each other.
 {¶ 4} Appellant timely appealed, raising six assignments of error for our review.
 I. {¶ 5} In his first assignment of error, appellant contends that the trial court violated his constitutional rights when it sentenced him without the benefit of a previously ordered psychological report.
 {¶ 6} At the plea hearing, upon defense counsel's request, the trial court ordered that appellant be referred to the Psychiatric Department for the preparation of a mitigation report. Appellant was sentenced one month after the plea hearing but no mitigation report or psychiatric report had been completed. Appellant contends that it was error for the trial court to sentence him without reference to its earlier-ordered mitigation report because it was apparent from the record that he suffered from various addictions, disabilities and psychiatric problems.
 {¶ 7} Initially, we note that defense counsel failed to object to the absence of a mitigation report at sentencing and, therefore, waived all but plain error on appeal. State v. Phillips (1995), 74 Ohio St.3d 72,83. Plain error is an obvious error or defect in the trial court proceeding which affects a substantial right. State v. Moreland (1990),50 Ohio St.3d 58, 62. It does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise. Id. We find no plain error here.
 {¶ 8} The record reflects that defense counsel made a lengthy mitigation argument on behalf of appellant and, further, that defense counsel told the judge that even in the absence of a mitigation report, "I think you can still glean from the report that you have before you, and from my statements, that Mr. Hunter suffers from numerous disabilities." The record also reflects that the trial judge referred to the presentence investigation report prepared by the Probation Department in making its sentencing decision. Finally, the record reflects that despite defense counsel's assertions that appellant suffers from mental problems, appellant told a probation officer that he had not required the services of a psychiatrist or psychologist since 1993, well before these incidents occurred. Accordingly, we find nothing in the record to indicate that the trial court needed any further information to make its sentencing decision or that a mitigation report would have affected that decision.
 {¶ 9} Appellant's first assignment of error is therefore overruled.
 II. {¶ 10} In his second assignment of error, appellant contends that unspecified constitutional rights were violated at sentencing because the trial court allowed individuals who were not victims or relatives of the victims to speak at the sentencing hearing. Specifically, appellant objects to statements made by Pat Kawalek, a community leader, Cleveland City Councilman Joe Cimperman, and Mr. Robinsik.
 {¶ 11} R.C. 2929.19 provides that at the sentencing hearing, "the offender, the prosecuting attorney, the victim or the victim's representative * * * and, with the approval of the court, any otherperson may present information relevant to the imposition of sentence inthe case." (Emphasis added.)
 {¶ 12} The record reflects that Kawalek, Cimperman and Robinsik spoke about the sense of community in the St. Vitus neighborhood and how appellant's criminal acts had made the residents of the neighborhood, who were mostly senior citizens, extremely fearful for their safety. This information was clearly relevant to the trial court's sentencing decision. Thus, the trial court's action in allowing these individuals to speak at the sentencing hearing was statutorily authorized.
 {¶ 13} Appellant's second assignment of error is therefore overruled.
 III. {¶ 14} In his third assignment of error, appellant contends that the trial court erred in imposing consecutive sentences.
 {¶ 15} R.C. 2929.14(E)(4) governs the imposition of consecutive sentences. It provides that a court may impose consecutive sentences only when it concludes that the sentence is: 1) necessary to protect the public from future crime or to punish the offender; 2) not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public; and 3) one of the following applies: a) the offender committed the offenses while awaiting trial or sentencing, under sanction or under post-release control; b) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 16} Moreover, R.C. 2929.19(B)(2)(c) provides that:
 {¶ 17} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 18} "* * *
 {¶ 19} "(c) If it imposes consecutive sentences under section2929.12 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 20} Thus, R.C. 2929.14(E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences and, pursuant to R.C. 2929.19(B)(2)(c), to give the reasons behind its findings. Failure to sufficiently state these reasons on the record constitutes reversible error. State v. Gary (2001),141 Ohio App.3d 194, 196-198, citing State v. Albert (1997),124 Ohio App.3d 225.
 {¶ 21} In sentencing appellant, the trial court reviewed appellant's extensive criminal record, which dated back to 1969 and included numerous convictions for aggravated burglary, burglary, and felonious assault. The judge noted that appellant had been "terrorizing" the St. Vitus neighborhood since 1993. She then stated:
 {¶ 22} "Well, we're going to change what happened. You're not going to be allowed back to the St. Vitus area." The trial court then found that in Case No. CR-411611, appellant had locked the eighty-year-old victim in a closet for five hours during the month of August, creating a substantial risk of death or harm. The trial judge then stated:
 {¶ 23} "* * * The Court also finds that you pose a greatlikelihood of committing future events in this neighborhood. By your own words, you did it in `93. You served eight years. You came out, and in five months, you did it again in the same neighborhood. * * *
 {¶ 24} "The Court finds that your crimes were committed while youwere on parole, the harm in this case was so great and so unusual that asingle term would not be sufficient. Also, your criminal history showsthat consecutive terms are needed to keep you out of this area til you'reat least 67; and the Court finds hopefully that at 67 you might be on a more equal par with the elderly citizens such that they might be able to protect themselves if you find your way back to their neighborhood at that age." (Emphasis added.)
 {¶ 25} With respect to the felonious assault conviction in Case No. CR-415551, the trial court found that appellant had "terrorize[d] a ninety-one-year-old citizen" and "stolen from her whatever future she has left." The court then stated:
 {¶ 26} "The Court * * * will run that consecutive to count one on Case No. 415551 because, once again, the crimes were committed while on parole, the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct and your criminal history shows you are indeed likely to commit these crimes again."
 {¶ 27} As is apparent from the record, the trial court made the required statutory findings in sentencing appellant to consecutive sentences. It found that consecutive sentences were 1) necessary to protect the residents of the St. Vitus neighborhood from future crime by appellant; 2) not disproportionate in light of what appellant had done to his elderly victims; and 3) appellant had committed the crimes while on parole, the harm caused by appellant's conduct was so great that a single term would not adequately reflect the seriousness of his crimes, and appellant's criminal history demonstrated that he was likely to commit such crimes again.
 {¶ 28} Appellant's third assignment of error is therefore overruled.
 IV. {¶ 29} In his fourth assignment of error, appellant contends that the trial court erred in sentencing him to the maximum term of imprisonment on each count in Case Nos. CR-415551 and CR-411611.
 {¶ 30} R.C. 2929.14(C) specifies when a court may impose a maximum prison term:
 {¶ 31} "* * * The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 {¶ 32} Thus, to impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. State v.Hollander (2001), 144 Ohio App.3d 565, 569, citing State v. Futrell
(Nov. 10, 1999), Cuyahoga App. Nos. 75033, 75034, 75035. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. Hollander,
supra, citing State v. Assad (June 11, 1998), Cuyahoga App. No. 72648. In addition, R.C. 2929.19(B)(2)(d) requires that the court state reasons that support its findings.
 {¶ 33} Here, even a cursory review of the record demonstrates that the trial court made the required statutory findings for imposing maximum prison terms and gave its reasons for doing so. In sentencing appellant to the maximum term on the aggravated burglary conviction in Case No. CR-411611, the trial court stated:
 {¶ 34} "* * * The court indeed does find that you put — I believe it was Mrs. Tominic that was the victim in Case No. 411611 — in substantial risk of death, locking her in a closet for five hours in August at the age of 80. It's like the parents who lock their kids in the car for two hours in August at young ages. It created substantial risk of death to the victim in that case. This case was the worst form of the offense of aggravated burglary. Therefore, the court will impose the maximum prison term of ten years.
 {¶ 35} "The Court also finds that you pose a great likelihood of committing future events in this neighborhood. By your own words, you did it in `93. You served eight years. You came out, and in five months, you did it again in the same neighborhood."
 {¶ 36} In sentencing appellant to the maximum term on the repeat violent offender specifications in Case No. CR-411611, the trial court stated:
 {¶ 37} "The Court also finds under the repeat violent offender specification on that case that you did, in fact, create a substantial risk of death and/or harm to the defendant (sic), Ms. Tominic, by locking her in the closet. Therefore, the court is going to sentence you to ten years on the repeat violent offender specification."
 {¶ 38} As is apparent from the record, the trial court found that appellant committed the worst form of the offenses because he put his victim at substantial risk of death and that, in light of his past criminal history, appellant posed the greatest likelihood of committing future crimes in that neighborhood. Accordingly, the trial court properly imposed the maximum prison terms for both counts in Case. No. 411611.
 {¶ 39} With respect to Case No. 415551, the trial court stated:
 {¶ 40} "Next day. You go and you ask for directions to the Hofbrau House, and you proceed to then terrorize a ninety-one-year-old senior citizen. And I will say that my grandmother lived till she was ninety-eight and was independent and on her own the whole time. So I don't know if Ms. Sodnikar has possibly maybe one, maybe seven, maybe twenty more years, but in any event, you have stolen from her whatever future she has left. And on that case, I am going to, once again, give you the longest term on count one of aggravated burglary of ten years because it was, indeed, the worst form of the offense. * * * And you, again, have the same factors imposing the greatest likelihood of committing future crimes. Therefore, the court imposes a maximum term on the felonious assault."
 {¶ 41} Again, the record is clear that the trial judge made the required statutory findings for imposing the maximum sentence in Case No. 415551 and gave its reasons for its findings.
 {¶ 42} Appellant's fourth assignment of error is therefore overruled.
 V. {¶ 43} In his fifth assignment of error, appellant contends that the trial court erred in convicting and sentencing him to consecutive sentences for aggravated burglary and felonious assault because the trial court never determined whether the offenses were allied offenses of similar import.
 {¶ 44} R.C. 2941.25 provides:
 {¶ 45} "(A) Where the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 46} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 47} In Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus, the Supreme Court of Ohio set forth the method for analyzing whether offenses are allied:
 {¶ 48} "Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant con be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." See, also, State v. Rance
(1999), 85 Ohio St.3d 632.
 {¶ 49} As an initial matter, we note that appellant failed to object to the convictions or sentencing at the trial court level. Appellant's failure to raise this issue in the trial court constitutes a waiver of this issue, absent plain error. State v. Comen (1990),50 Ohio St.3d 206, 211; State v. Marshall (Feb. 25, 1999), Cuyahoga App. No. 73522. We find no plain error here.
 {¶ 50} R.C. 2911.11, regarding the offense of aggravated burglary, provides:
 {¶ 51} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply:
 {¶ 52} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 {¶ 53} "(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.
 {¶ 54} R.C. 2903.11, regarding felonious assault, provides:
 {¶ 55} "(A) No person shall knowingly:
 {¶ 56} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 57} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance * * *."
 {¶ 58} A comparison of the elements of the crimes of aggravated burglary and felonious assault readily indicates that the elements do not correspond to such a degree that the commission of one crime will result in the commission of the other. An offender can commit aggravated burglary without committing felonious assault. Likewise, an offender can commit felonious assault without committing an aggravated burglary.
 {¶ 59} It is clear that appellant was not charged with allied offenses of similar import and, therefore, the trial court did not err in convicting and sentencing him on both offenses.
 {¶ 60} Appellant's fifth assignment of error is overruled.
 VI. {¶ 61} Finally, appellant contends that he was denied effective assistance of counsel because defense counsel did not: 1) object to the lack of a mitigation report at the sentencing hearing; 2) object to the statements made by non-victims at the sentencing hearing; 3) argue that aggravated burglary and felonious assault were allied offenses of similar import; and 4) object to the imposition of maximum and consecutive sentences.
 {¶ 62} Appellant's argument is without merit. As set forth above: 1) the trial court did not err in sentencing appellant without a mitigation report; 2) non-victims were properly allowed to speak at the sentencing hearing; 3) aggravated burglary and felonious assault are not allied offenses of similar import; and 4) the trial court properly imposed maximum and consecutive sentences in this case. Defense counsel is not required to, nor should he or she, assert frivolous arguments or raise meritless objections. Thus, defense counsel's failure to raise these arguments and objections was not ineffective assistance of counsel. To the contrary, the record reflects that appellant was ably and vigorously represented by defense counsel in this case.
 {¶ 63} Appellant's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J. and DIANE KARPINSKI, J. concur.