JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Jacque Hardwick ("appellant") appeals his conviction and sentencing in the Cuyahoga County Common Pleas Court for drug trafficking and attempted tampering with evidence. For the reasons that follow, we affirm the convictions but remand for resentencing.
 {¶ 2} On April 24, 2002, appellant was indicted by the Cuyahoga County Grand Jury in a four-count indictment for two counts of drug trafficking in violation of R.C. 2925.03; possession of drugs in violation of R.C. 2925.11; and tampering with evidence in violation of R.C. 2921.12.
 {¶ 3} On May 27, 2002, appellant retracted his former plea of not guilty and entered a plea of guilty to the amended charges of trafficking in drugs, a fifth-degree felony and attempted tampering with evidence, a fourth-degree felony. Pursuant to the plea agreement, the remaining counts against the appellant were nolled by the state.
 {¶ 4} On September 24, 2002, the trial court sentenced the appellant to 11 months imprisonment for drug trafficking and 15 months imprisonment for attempted tampering with evidence, to run consecutively.
 {¶ 5} The appellant presents two assignments of error for our review.
 {¶ 6} I. "Defendant was denied due process of law when he was sentenced to consecutive sentences."
 {¶ 7} In his first assignment of error, the appellant argues that the imposition of consecutive sentences was improper and contrary to law because the trial court failed to make the required findings.
 {¶ 8} R.C. 2929.14(E)(4) provides in part:
 {¶ 9} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} We have previously found that it is not necessary for the trial court to use the exact language of R.C. 2929.14(B), as long as it is clear from the record that the court made the required findings. SeeState v. Jackson, Cuyahoga App. No. 79871, 2002 Ohio 2137; State v.Williams, Cuyahoga App. No. 79273, 2002 Ohio 503; State v. Hollander
(2001), 144 Ohio App.3d 565, 760 N.E.2d 929. However, in this case the transcript reveals that the trial court failed to comply with R.C.2929.14(E)(4). The trial court did not find that consecutive sentences were necessary to protect the public from future crime or to punish the offender and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Further, the trial court failed to clearly state how the appellant's behavior fit into one of the categories enumerated in R.C. 2929.14(E)(4)(a), (b) or (c).
 {¶ 14} R.C. 2929.19(B)(2)(c) provides:
 {¶ 15} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;"
 {¶ 16} We find that, although the trial court failed to make the required findings, it complied with the requirements of R.C.2929.19(B)(2)(c) and provided a litany of reasons supporting consecutive sentences. The appellant had a lengthy prior history of committing crimes and using illegal drugs including cocaine and PCP. The appellant served prison time in the past and was given previous opportunities for inpatient drug treatment or to seek outpatient drug treatment, which he failed to do. At the time of sentencing, appellant was on probation for using cocaine and PCP. However, the trial court must make the necessary findings as well as supply the required reasons for imposing the consecutive sentence.
 {¶ 17} Accordingly, appellant's first assignment of error is sustained. II. "Defendant was denied due process of law when the court did not properly determine whether defendant's pleas were knowingly, intelligently and voluntarily made."
 {¶ 18} In his second assignment of error, the appellant argues that his pleas of guilty were unconstitutional and he should be entitled to withdraw the pleas. In support of this claim, appellant points to the statements made by the trial court in the plea colloquy concerning appellant's drug use. Appellant then states that the trial court did not properly determine whether he was making the pleas knowingly, intelligently and voluntarily.
 {¶ 19} At the outset, we note that appellant did not file a motion for withdrawal of his guilty pleas, either before or after sentencing. Thus, we review only the trial court's compliance with Crim.R. 11.
 {¶ 20} Crim.R. 11(C)(2) governs the acceptance of guilty pleas in felony cases and provides, in part:
 {¶ 21} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 22} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 23} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 24} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 25} The standard of review in determining whether the trial court complied with Crim.R. 11 when accepting a plea is de novo. Statev. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. An appellate court must examine the totality of the circumstances and determine whether the plea hearing was in substantial compliance with Crim.R. 11(C). Id. at 92-93. Substantial compliance with Crim.R. 11(C) requires that the trial court engage the defendant in a reasonably intelligible dialogue on the record. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115.
 {¶ 26} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." State v. Nero
(1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (citations omitted.)
 {¶ 27} The transcript reveals the following exchanges:
 {¶ 28} "[The prosecutor]: Thank you, your Honor. This is a multi-count indictment. Our understanding is that the defendant's forthcoming plea of guilty will be to count one as charged. That is a count of drug trafficking pursuant to 2925.03 of cocaine and in an amount less than one gram. This is a felony of the fifth degree punishable by a fine of up to $2,500, anywhere from 6 months to 12 months in prison in monthly increments, and also carries with it a mandatory driver's license suspension of 6 months to 5 years.
 {¶ 29} "Also it's our understanding that there will be a forthcoming plea of guilty to count four which we'll amend pursuant to2923.02. As the counts stands, it's a felony of the third degree. With that amendment it's a felony of the fourth degree, punishable by a term of imprisonment anywhere from 6 to 18 months and up to a $5,000 fine.
 {¶ 30} "No other promises or inducements have been made by the State to gain these anticipated guilty pleas to count one and amended count four. The State is willing to dismiss, contingent upon those pleas, to dismiss the remaining counts.
 {¶ 31} "The Court: Carol?
 {¶ 32} "[Defense Counsel]: * * * The prosecutor has given you an accurate result of the plea negotiations as [defendant] is preparing now to withdraw his not guilty plea and enter a plea to count one and amended count four. Thank you.
 {¶ 33} * * *
 {¶ 34} "The Court: Okay. Are you under the influence of any drugs or alcohol, medication here today that would prevent you from understanding —
 {¶ 35} "The Defendant: No.
 {¶ 36} "The Court: Are you a US citizen?
 {¶ 37} * * *
 {¶ 38} "The Defendant: Yes.
 {¶ 39} "The Court: Are you on probation or parole?
 {¶ 40} "The Defendant: Yes.
 {¶ 41} * * *
 {¶ 42} "The Court: You understand by entering a plea here today that you're going to be a probation violator in the former case?
 {¶ 43} "The Defendant: Yes.
 {¶ 44} "The Court: You can receive a consecutive period of incarceration for that?
 {¶ 45} "The Defendant: Yes.
 {¶ 46} * * *
 {¶ 47} "The Court: Let me explain to you your constitutional rights. You have been indicted, but you're presumed innocent. You have a right to a jury trial or a bench trial at which time the State of Ohio has the burden of proving you guilty beyond a reasonable doubt.
 {¶ 48} "You have a fine attorney who is capable of trying this case, cross-examining your accusers, calling witnesses, using the subpoena power of this Court, and for your part you can testify or remain silent and no one can comment on your failure to testify, nor can they mention all of your prior convictions, Jacque, because you have been convicted, what, about six times?
 {¶ 49} * * *
 {¶ 50} "The Court: * * * Do you understand you are waiving your right to trial?
 {¶ 51} "The Defendant: Yes.
 {¶ 52} "The Court: You understand you have a right to confront your accusers and call witnesses?
 {¶ 53} "The Defendant: Yes.
 {¶ 54} "The Court: Do you understand in this case you could receive a year on the F5, 18 months on the F4, and they could run consecutive, 2 and half years, and you could receive that consecutive to whatever you're on probation for?
 {¶ 55} "The Defendant: Yes.
 {¶ 56} "The Court: Do you understand that?
 {¶ 57} "The Defendant: Yes.
 {¶ 58} "The Court: You could also be fined a total, in these new cases, of up to $7,500. Do you understand that?
 {¶ 59} "The Defendant: Yes.
 {¶ 60} * * *
 {¶ 61} "The Court: Now are there any questions that you want to ask me?
 {¶ 62} "The Defendant: No.
 {¶ 63} "The Court: Are you satisfied with your attorney?
 {¶ 64} "The Defendant: Yes.
 {¶ 65} "The Court: Has anyone threatened you or promised you anything that doesn't appear on the record?
 {¶ 66} "The Defendant: No.
 {¶ 67} * * *
 {¶ 68} "The Court: How do you plead to the charges contained in count one, trafficking drugs, felony of the fifth degree. That's count one. How do you plead?
 {¶ 69} "The Defendant: Guilty.
 {¶ 70} "The Court: How do you plead in count four, amended attempted tampering with evidence, felony of the fourth degree?
 {¶ 71} "The Defendant: Guilty, your Honor."
 {¶ 72} We find no merit in appellant's second assignment of error. After reviewing the plea colloquy as a whole, it is clear that the trial court substantially complied with Crim.R. 11(C) and engaged appellant in a reasonably intelligent dialogue. The trial court informed appellant of his constitutional rights. Appellant stated that he understood his rights, and the implications of waiving those rights, prior to entering his guilty pleas. It is clear that appellant was informed of the possible prison time, fines, and consecutive sentences that could be imposed. We find no evidence that appellant's guilty pleas were not knowingly, intelligently and voluntarily entered and appellant has not set forth any prejudicial effect. Thus, appellant's second assignment of error is overruled.
 {¶ 73} Judgment is affirmed in part, reversed in part and remanded for resentencing consistent with this opinion.
KENNETH A. ROCCO, A.J., AND TIMOTHY E. MCMONAGLE, J., CONCUR.