JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Jermaine Parker, appeals from the judgment of the Cuyahoga County Common Pleas Court, entered after a guilty plea, finding him guilty of two counts of pandering sexually oriented matter involving a minor, and sentencing him to 18 months incarceration on each count, to be served consecutively. Finding no merit to appellant's appeal, we affirm.
 {¶ 2} The record reflects that the Cuyahoga County Grand Jury indicted Parker in an 11-count indictment. Counts one through five charged Parker with pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); counts six through ten charged Parker with pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5); and count eleven charged Parker with possession of criminal tools, in violation of R.C. 2923.24. The charges stemmed from Parker's possession and reproduction of child pornography that he downloaded from the Internet.
 {¶ 3} Pursuant to a plea agreement, Parker subsequently entered a plea of guilty to two counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), both felonies of the fourth degree. The trial court subsequently sentenced him to consecutive eighteen-month terms of imprisonment on both counts.
 {¶ 4} Parker timely appealed, raising two assignments of error for our review.
 {¶ 5} In his first assignment of error, Parker contends that the trial court erred in sentencing him to prison, rather than community control sanctions.
 {¶ 6} When sentencing a defendant for a fourth or fifth degree non-drug felony, the trial court must first consider the factors listed in R.C. 2929.13(B)(1). State v. Kawaguchi (2000), 137 Ohio App.3d 597,605. R.C. 2929.13(B)(1) provides in relevant part:
 {¶ 7} "Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 8} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 9} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 10} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 11} "(d) The offender held a public office or position of trust and the offense related to that office or position * * *.
 {¶ 12} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 13} "(f) The offense is a sex offense * * *.
 {¶ 14} "(g) The offender previously served a prison term.
 {¶ 15} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on bond or personal recognizance.
 {¶ 16} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 17} If a court makes any such finding and if, after considering the factors set forth in R.C. 2929.12, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11[1] and finds that the offender is not amenable to an available community control sanction, the court must impose a prison sentence. See R.C. 2929.13(B)(2)(a).
 {¶ 18} Conversely, if a court finds that none of the factors set forth in R.C. 2929.13(B)(1) apply and if, after considering the factors set forth in R.C. 2929.12, finds that a community control sanction is consistent with the purposes and principles of sentencing, the court must impose a community control sanction upon the offender. See R.C.2929.13(B)(2)(b).
 {¶ 19} In addition, whenever the trial court imposes a sentence of imprisonment for a fourth or fifth degree felony, it must "make a finding that gives its reasons for selecting the sentence imposed * * *." R.C.2929.19(B)(2)(a); see, also, State v. Edmonson (1999), 86 Ohio St.3d 324.
 {¶ 20} Parker contends that the trial court erred in sentencing him to prison because it did not find that any of the factors set forth in R.C. 2929.13(B)(1) apply in this case and, in any event, none of the factors apply to him. We disagree.
 {¶ 21} In sentencing Parker, the trial court stated:
 {¶ 22} "I also find that this is a crime that involves physical harm to a person. Each and every one of those children in the videos and in the photos and still photos that you downloaded were being abused. That's why they call it child abuse, plain and simple. * * * These are images of individuals who are being sexually molested and again as I've indicated before, you have created a market for that."
 {¶ 23} Parker argues that he caused no physical harm to the children in the pictures because he did not threaten them and was not accused of any sex offense or violence against them. We find nothing in the record, however, that would cause us to dispute the trial court's finding that child pornography involves physical harm to children.
 {¶ 24} After finding that one of the factors set forth in R.C.2929.13(B)(1) applied to Parker, the trial court then analyzed the seriousness and recidivism factors set forth in R.C. 2929.12. The trial court found that none of the recidivism factors applied. The trial court also found, however, that the injury to the victims in this case was exacerbated by their age, R.C. 2929.12(B)(1); the victims suffered serious physical and psychological harm as a result of the offense, R.C.2929.12(B)(2); and the offense was part of an organized criminal activity on the Internet, R.C. 2929.12(B)(7). In addition, the trial court found that appellant's pre-sentence psychiatric report noted that he had a significant sexual interest in two to four-year-old males and his sexual urges were in a "problematic social range." In light of these findings, the trial court found that "a prison term is consistent with protecting the public from future crimes and punishing the offender and that this offender is not amenable to community-control sanctions."
 {¶ 25} On this record, we find that the trial court properly applied the statutory guidelines and stated its reasons on the record for the sentence it imposed. Appellant's first assignment of error is therefore overruled.
 {¶ 26} In his second assignment of error, appellant contends that the trial court erred in sentencing him to maximum, consecutive sentences.
 {¶ 27} R.C. 2929.14(C) provides:
 {¶ 28} "* * * The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 29} Thus, to impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. State v.Hollander (2001), 144 Ohio App.3d 565, 569. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. Id.
 {¶ 30} Here, in imposing the maximum sentence, the trial court stated:
 {¶ 31} "I can't think of any form of the offense worse than downloading pornographic materials involving minor children in various states of undress and sexual activities and you had both. So I'm going to make the findings that the offender committed the worst form of the offense and that the offender poses the greatest likelihood of committing future crimes."
 {¶ 32} Accordingly, the trial court complied with the requirements of R.C. 2929.14(C) in sentencing appellant to the maximum term of incarceration.
 {¶ 33} In this case, however, appellant had not previously served a prison term. Pursuant to R.C. 2929.14(B), if a defendant has not previously served a prison term, the trial court must impose the minimum sentence unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender.
 {¶ 34} When sentencing appellant to the maximum term, the trial court stated:
 {¶ 35} "This again is a very serious crime. Each child involved in these photos was damaged. Each child involved in these photos has been irreparably harmed. You know that because you've gone through it yourself but yet you didn't seek help before this period of time but unless and until you got caught. * * *
 {¶ 36} "I have to look at whether or not the shortest term will adequately protect the public from the offender or others. I submit to you that in looking at your psychological evaluation, you do show sexual interest in two to four-year-old males.
 {¶ 37} "Also, you've been a teacher and in addition to this, you've been in a situation where you have a variety of pornographic images of video and photo and so, therefore, I'm going to make both these findings that the shortest term of imprisonment demeans the seriousness of the offender's conduct and that the shortest term will not adequately protect the public from the offender or others."
 {¶ 38} Accordingly, the trial court gave sufficient reasons for sentencing appellant to the maximum term of incarceration even though he had not previously served a prison term.
 {¶ 39} R.C. 2929.14(E)(4) governs the imposition of consecutive sentences. It provides that a court may impose consecutive sentences only when it concludes that the sentence is: 1) necessary to protect the public from future crime or to punish the offender; 2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and 3) one of the following applies: a) the offender committed the offenses while awaiting trial or sentencing, under sanction or under post-release control; b) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 40} Moreover, R.C. 2929.19(B)(2) provides that:
 {¶ 41} "The court shall impose a sentence and shall make a finding that gives it reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 42} "* * *
 {¶ 43} "(c) If it imposes consecutive sentences under section2929.12 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 44} Thus, R.C. 2929.14(E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences and, pursuant to R.C. 2929.19(B)(2)(c), to give the reasons behind its findings. Failure to sufficiently state these reasons on the record constitutes reversible error. State v. Gary (2001),141 Ohio App.3d 194, 196-198, citing State v. Albert (1997),124 Ohio App.3d 225.
 {¶ 45} Here, the trial court specifically found "that consecutive terms are necessary to protect the public; consecutive terms are necessary to punish the offender." The trial court further found that, in light of the significant harm done to the victims, "the terms are not disproportionate to the seriousness of the offender's conduct." The trial court also noted that because of appellant's "predilection for males from the age of two to four-years-old to reoffend, the court is going to make the finding that the terms are not disproportionate to the danger the offender poses to the public." Finally, the court noted that "the harm caused was so great that no single prison term adequately reflects the seriousness of the conduct" because, in downloading child pornography from the Internet, appellant helped to create a market for a product in which children are physically and psychologically abused.
 {¶ 46} Therefore, we find that the trial court made the necessary statutory findings to impose consecutive sentences.
 {¶ 47} Appellant's second assignment of error is therefore overruled. Affirmed.
KENNETH A. ROCCO, A.J. AND ANN DYKE, J. CONCUR.
[1] The principles and purposes of sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11.