The STATE of Ohio, Appellee,

v.

HOLLANDER, Appellant.

[Cite as *State v. Hollander* (2001), 144 Ohio App.3d 565.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78334.

Decided July 16, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, *L. Christopher Frey, Eric J. Weiss* and *Lisa Reitz Williamson,* Assistant Prosecuting Attorneys, for appellee.

*David L. Doughten,* for appellant.

TIMOTHY E. MCMONAGLE, Judge.

On August 17, 1999, the Cuyahoga County Grand Jury returned a fifty-nine-count indictment against defendant-appellant, Michael D. Hollander. Forty-seven counts charged appellant with the illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323; eleven counts charged appellant with pandering sexually oriented material involving a minor, in violation of R.C. 2907.322; and the remaining count charged appellant with possession of criminal tools, in violation of R.C. 2923.24.

The charges stemmed from a report received by the Lakewood Police Department that a special agent posing as a child had received numerous photographs of naked children from appellant over the Internet. The Lakewood Police Department investigated the tip and executed a search warrant at appellant's home on August 17, 1999. The police seized a large amount of child pornography, including numerous books, magazines, videos, posters, and photographs of young males not fully clothed. In addition, the police seized a Sony receiver, a Sony · Internet terminal for Web TV, a computer keyboard, a television set, two VCRs, and a printer. A majority of the items were seized from appellant's bedroom.

On March 1, 2000, appellant forfeited his interest in the property seized by the police and pled guilty to two counts of illegal use of a minor in nudity-oriented material, two counts of pandering sexually oriented material, and one count of possession of criminal tools. The remaining charges were nolled in exchange for appellant's plea.

On May 24, 2000, the trial court held a sentencing hearing. In its journal entry filed June 22, 2000, the trial court sentenced appellant to maximum, consecutive sentences of incarceration as follows:.

"On May 24, 2000, a sentencing hearing was held pursuant to R.C. 2929.19, notice having been given to all parties. Defendant was present in person, was represented by counsel, was given an opportunity to speak and to present witnesses, and was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement, the presentence report, the Sex Offender Unit's assessment report, the evaluations and results of the Abel test administrated [sic] to defendant, the purposes and principals [sic] of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution.

"The Court finds that the defendant has been convicted under Counts 1 and 2 of Illegal Use of a Minor in Nudity–Oriented Material, a violation of R.C. 2907.323, a felony of the second degree; under Counts 35 and 36 of Pandering Sexually–Oriented Material Involving a Minor, a violation of R.C. 2907.322, a

felony of the fifth degree; and under Count 59 of Possession of Criminal Tools, a violation of R.C. 2923.24, a felony of the fifth degree.

"The Court further finds that the following factors enumerated in R.C. 2929.13(B)(1) are present:

"(1) attempt, or actual threat of, physical harm to a person, or prior conviction for causing such harm to a person (or children);

"(2) for organized criminal activity;

"(3) sex offense; and

"(4) served prior (federal) term for similar sex offense.

"The Court further finds that consecutive prison sentences are consistent with the purposes and principles of sentencing under R.C. 2929.11 for the following reasons:

"(1) it is commensurate with the seriousness of the offender's conduct and its impact on society;

"(2) it is reasonably necessary to deter the offender in order to protect the public from future crime and to protect the public and punish the offender;

"(3) it would not place an unnecessary burden on governmental resources;

"(4) it is not disproportionate to the conduct and to the danger the offender poses;

"(5) the offender's criminal history shows consecutive terms are needed to protect the public from harm so great or unusual that a single term does not adequately reflect the seriousness of his repeated conduct, based upon sex offense, prior convictions for similar crimes committed, inability of defendant to stop his behavior as indicated by letters he is still writing and receiving while awaiting sentencing in this matter, and no genuine remorse shown;

"(6) all responses elicited from defendant per the Sex Offenders Unit's assessment and Abel testing evaluation, which are incorporated herein by reference;

"(7) recidivism highly likely; and

"(8) defendant's failure to respond favorably to sanctions (treatment) previously imposed on more than one occasion throughout the years, including intensive treatment defendant received through University Hospital's sex offenders treatment program.

"It is ordered that the defendant serve a stated term of 8 years in prison under Count 1 and 8 years under Count 2 for violations of R.C. 2907.323; 1 year under Count 35 and 1 year under Count 36 for violations of R.C. 2907.322; and 1 year

under Count 39 for violation of R.C. 2923.24. The sentences shall be served consecutively to each other."

Appellant timely appealed, raising one assignment of error for our review:

"The trial court erred by sentencing the appellant to maximum consecutive terms of incarceration."

■ Appellant first contends that the trial court erred in sentencing him to the maximum term of imprisonment on each count. Appellant concedes that a prison term "of some measure" was appropriate for his offenses but argues that because he is an "acknowledged pedophile," rather than a major drug offender or repeat violent offender, he should have received a lesser sentence. We disagree.

■ A trial court has broad discretion in sentencing a defendant. *State v. Yontz* (1986), 33 Ohio App.3d 342, 515 N.E.2d 1012. Pursuant to R.C. 2953.08(G)(1), an appellate court may modify or vacate a sentence imposed under Senate Bill No. 2 only if it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.

Appellant pled guilty to two counts of illegal use of a minor in nudity-oriented material, felonies of the second degree. Appellant also pled guilty to two counts in pandering sexually oriented material and one count of possession of criminal tools, felonies of the fifth degree. R.C. 2929.14(A)(2) sets forth the sentencing guidelines applicable to second-degree felonies, allowing prison terms of two to eight years. R.C. 2929.14(A)(5) provides that the prison term for a felony of the fifth degree shall be six to twelve months.

R.C. 2929.14(C) specifies when a court may impose a maximum prison term:

"* * * *[T]he court* imposing a sentence upon an offender for a felony *may impose the longest prison term authorized for the offense* pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, *upon offenders who pose the greatest likelihood of committing future crimes,* upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." (Emphasis added.)

■ Thus, to impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. · *State v. Futrell* (Nov. 10, 1999), Cuyahoga App. Nos. 75033, 75034 and 75035, unreported, 1999 WL 1024169. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. *Id.; State v. Assad* (June 11, 1998), Cuyahoga App. No. 72648, unreported, 1998 WL 308109.

Here, in accordance with R.C. 2929.14(C), the trial court found that appellant posed the greatest likelihood of recidivism. A review of the trial judge's remarks at sentencing and the trial court's journal entry indicate that, prior to sentencing, the judge considered, among other things, appellant's presentence report, the Sex Offender Unit's assessment report, and the results of the Abel Assessment test given to appellant, all of which indicated an extremely high likelihood of recidivism. Indeed, as the trial judge stated, "What's glaring is the report that this court has received through the sex offender's assessment unit, and he is assessed, and this is the first one I had where he's assessed so high for the likelihood of recommitting * * *." Thus, in its journal entry, the trial court stated that "recidivism [is] highly likely."

Moreover, as the trial judge noted at the sentencing hearing, appellant's pedophilic behavior had not stopped even after his arrest. Letters obtained from appellant's jail cell shortly before the sentencing hearing indicated that even after his arrest, appellant continued to write letters to other prisoners containing graphic descriptions and pictures of sexual activity between young boys and adult males.

Finally, the record reviewed by the trial court demonstrated that appellant had a lengthy history of criminal convictions relating to his pedophilia, had not responded favorably to sanctions and/or treatment imposed for his criminal convictions, and had failed to demonstrate any remorse for his offenses. See R.C. 2929.12. Accordingly, the trial court properly found that appellant posed the greatest likelihood of committing future offenses and, therefore, properly imposed maximum sentences.

■ Appellant also argues that the trial court erred in imposing consecutive sentences.

R.C. 2929.14(E)(4) governs the imposition of consecutive sentences and provides in pertinent part:

"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

R.C. 2929.19(B)(2) provides:

"The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

"* * *

"(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."

Thus, R.C. 2929.14(E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences. Moreover, pursuant to R.C. 2929.19(B)(2), the trial court must also give the reasons behind its findings.

Here, although not specifically citing R.C. 2929.14(E)(4), the trial court made the findings required by the statute. In its journal entry, the trial court specifically stated that it was imposing consecutive sentences in this case because they were (1) "reasonably necessary to deter the offender * * * and to protect the public and punish the offender"; (2) "not disproportionate to the [seriousness of appellant's] conduct and to the danger [he] poses"; and (3) "needed to protect the public from harm so great or unusual that a single term does not adequately reflect the seriousness of his repeated conduct."

In addition, in accordance with R.C. 2929.14(E), prior to sentencing appellant on May 24, 2000, the trial judge stated on the record that appellant had a twenty-year history of recidivism such that multiple terms were necessary to protect the public from future harm. Upon reviewing appellant's criminal history, the trial judge noted that in 1975, appellant pled guilty to gross sexual imposition involving minors, and was placed on probation and ordered to receive outpatient psychiatric treatment. In 1979, appellant was arrested again and charged with disseminating materials harmful to a juvenile through the United States mail. Appellant was placed on probation for three years and again ordered to undergo treatment. In 1981, appellant was convicted in California of the misdemeanor charge of interstate transportation of child pornography. In 1989, while employed by the United States Postal Service, appellant was again arrested and charged with disseminating materials harmful to juveniles through the United States mail service. He was sentenced to a one-year prison term and then three years of intensive out-patient counseling. The trial judge noted, however, that appellant admitted that he continued to engage in pornographic activities in 1991 and 1992 even while he was engaged in counseling for his pedophilia.

On this record, it is clear that the trial court followed the statutory guidelines for imposing consecutive sentences set forth in R.C. 2929.14(E) and properly imposed consecutive sentences.

Appellant's assignment of error is therefore overruled.

*Judgment affirmed.*

DIANE KARPINSKI, A.J., and JAMES J. SWEENEY, J., concur.