JOURNAL ENTRY and OPINION
Defendant-appellant Kassin Miah appeals the trial court's decision to impose greater than the minimum and consecutive prison terms. For the reasons below, we affirm Miah's conviction and sentence.
On November 26, 2001, Miah was sentenced in two separate criminal cases.
The charges against Miah in Case No. 412948 stem from his robbing pizza delivery men on three occasions between May and June 2001. One of Miah's victims included a South Euclid police officer who was posing as a pizza delivery man in an attempt to catch Miah in the act.
In Case No. 414157, Miah was charged with drug abuse and possession of criminal tools. The charges were the result of the Cleveland police response to complaints of drug activity in the area of Rondel and St. Clair Avenues in September 2001. While fleeing from the police, Miah dropped three rocks of crack cocaine.
In Case No. 412948, Miah pled guilty to three counts of aggravated robbery, each with a one-year firearm specification, and each being first degree felonies with a minimum term of three years of incarceration. The trial court sentenced Miah to four years imprisonment on each count.
In Case No. 414157, Miah pled guilty to one count of drug abuse, a fifth degree felony. The trial court sentenced Miah to the minimum six-month term.
Miah raises the following errors on appeal:
 I. WHETHER THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT.
R.C. 2929.14(B) and R.C. 2929.14(E)(4) establish the public policy disfavoring prison terms that are greater than the minimum for offenders who have not previously served time in prison, and disfavoring consecutive sentences except for the most deserving offenders. See, State v. Edmonson (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131, 135; State v. Gonzales (Mar. 15, 2001), Cuyahoga App. No. 77338.
 A. WHETHER THE TRIAL COURT ERRED IN IMPOSING MORE THAN THE MINIMUM AUTHORIZED SENTENCE UPON COUNT ONE OF CASE NUMBER 412948.
R.C. 2929.14(B), reads as follows:
 (B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In regard to imposing more than the minimum upon an offender who has not previously served time in prison, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted a longer sentence. [However], R.C. 2929.14(B) does not require that the trial court give its reasons for its [statutory] findings. Edmonson,86 Ohio St.3d at 326.
At sentencing, the trial court recited the factors to be considered in sentencing, and in doing so, found one of the R.C. 2929.14(B) factors applied, as follows:
 A prison term is consistent with protecting the public from future crime and punishing the defendant.
Although the trial court did not specifically reference the minimum sentence, a sentencing court is not required to use the exact language of the statute, as long as it is clear from the record that the court made the required findings. State v. Williams, 2002-Ohio-503, citing, State v. Hollander (2001), 144 Ohio App.3d 565, 760 N.E.2d 929.
The record clearly demonstrates that the trial court found the second statutorily sanctioned reason for exceeding the minimum term, i.e., that the minimum three-year term would not have adequately protected the public from future crime by the offender or others.
Therefore, the trial court did not err in imposing more than the minimum sentence.
 B. WHETHER THE TRIAL COURT ERRED BY WRONGFULLY ORDERING THAT THE SENTENCES IMPOSED FOR COUNTS ONE AND THREE IN CASE NUMBER 412948, AS WELL AS THOSE IMPOSED IN CASE NUMBER 412948 AND CASE NUMBER 414157, BE RUN CONSECUTIVELY WITHOUT MAKING THE REQUISITE STATUTORY FINDINGS PURSUANT TO R.C. 2929.14(E).
 C. WHETHER THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE PRISON TERMS FOR CASE NUMBER 412948 AND CASE NO. 414157 WITHOUT MAKING THE REQUISITE STATUTORY FINDINGS.
R.C. 2929.14(E)(4) sets forth the factors for imposition of consecutive or multiple prison terms and provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *.
Further, the trial court is required to find that the offender's behavior fits into one of the categories listed in R.C. 2929.14(E)(4)(a), (b), or (c). Once the trial court has made a category finding, the trial court must give its reason for imposing consecutive terms. R.C.2929.19(B)(2)(c).
Here, the trial court imposed the consecutive sentences in each case and gave its reasons for doing so. The trial court recited the statutory language set forth in R.C. 2929.14(E) and made a category finding under R.C. 2929.14(E)(4)(c), which states:
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from further crime by the offender.
The record of the sentencing hearing reflects that the court found that the terms are not disproportionate to the seriousness of the offender's conduct and the danger the defendant poses to the public. The court further stated these are obviously not your first offenses. You're a recidivist, a likely recidivist. You failed to be rehabilitated at a prior attempt at rehabilitation. Also during sentencing, the trial court recited Miah's criminal record, noting that this was Miah's sixth or seventh appearance before a court for criminal conduct. Thus, the trial court set forth its reasons for making the category finding above.
Accordingly, the trial court did not err in ordering that the terms imposed in Case No. 412948 be served consecutively to one another, and consecutive to the term imposed in Case No. 414157.
 II. WHETHER APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DURING PRE-TRIAL PROCEEDINGS AND AT IMPOSITION OF SENTENCE.
Miah argues that his trial counsel was ineffective because he failed to attempt to suppress evidence of incriminating statements allegedly made by Miah while in custody before being given his Miranda rights.
In this multi-level argument, Miah argues that had defense counsel pursued a motion to suppress, it would have been granted. Then, because the incriminating statements would have been excluded, he argues that he would have not pled guilty to the charges.
As stated in State v. Madrigal, 87 Ohio St.3d 378, 2000-Ohio-448,721 N.E.2d 52:
 To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland v. Washington (1984), 466 U.S. 668, 687-688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693.
 A defendant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other. Strickland at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699.
 "Failure to file a suppression motion does not constitute per se ineffective assistance of counsel." Kimmelman v. Morrison (1986), 477 U.S. 365, 384, 106 S.Ct. 2574, 2587, 91 L.Ed.2d 305, 325. In evaluating the first prong, the court "should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." Strickland at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.
Miah does not specify in his brief, nor does the record reflect, what the incriminating statements were or in which case he made the statements. Thus, it is impossible to determine whether a motion to suppress would have had merit.
Even assuming that a suppression motion should have been filed and would have been granted, compelling evidence against Miah still existed, especially in Case No. 412948, where eyewitness testimony from the pizza delivery men and the South Euclid police is available. Thus, Miah cannot meet the prejudice prong of Strickland, because there is no reasonable probability that had this matter gone to trial, absent Miah's attorney's alleged error, the fact finder would have had a reasonable doubt respecting guilt. See Strickland at 695, 104 S.Ct. at 2068,80 L.Ed.2d at 698; Kimmelman at 391, 106 S.Ct. at 2591, 91 L.Ed.2d at 320-330.
Thus, Miah has not met either prong of Strickland; therefore, his second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and TERRENCE O'DONNELL, J. CONCUR