JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Alf Perkins ("appellant"), appeals from the sentence imposed in the Cuyahoga County Court of Common Pleas. Appellant maintains that the trial court failed to adhere to applicable sentencing statutes when it imposed maximum and consecutive sentences. After reviewing the record, we reverse and remand for resentencing.
 {¶ 2} On March 13, 2002, appellant, then age 54, was indicted by the Cuyahoga County Grand Jury in a four-count indictment. Appellant was charged with aggravated robbery[1] with one and three-year firearm specifications;[2] two counts of felonious assault[3] with one and three-year firearm specifications; and carrying a concealed weapon.[4]
On March 19, 2002, appellant pleaded not guilty to the indictment. On May 22, 2002, appellant entered into a plea agreement with the State, whereby count one, aggravated robbery, was amended to attempted aggravated robbery with a three-year firearm specification; and count two, felonious assault, with a three-year firearm specification. The State nolled the remaining counts and dismissed two separate drug cases, CR 419893 and 421725, against the appellant. Appellant pleaded guilty to the charges as amended and the trial court ordered a presentence investigation report.
 {¶ 3} At the sentencing hearing, the court noted appellant's prior record of assault and battery, cutting with intent to kill, burglary of an inhabited dwelling, domestic violence, and possession of drugs. The transcript reveals that appellant previously served a prison term by his statement that "I served my time for those crimes, your Honor."
 {¶ 4} The victim addressed the court and showed the judge a 14 inch vertical scar on his abdomen as a result of the gunshot wounds he sustained. The victim stated that he was at a market and that appellant saw him put cash back into his pocket. The victim stated that appellant fired five shots at him, with two of the bullets penetrating his body, and one grazing his head. The victim then stated that he was lying on the ground when the appellant kicked him and took his money. The victim stated he was unarmed at the time he was shot.
 {¶ 5} The trial court then heard from appellant, who stated that he was at the market to play the lottery when he exchanged words with the victim who went out of control and told him he wanted to have a "shoot out." Based on this, the appellant believed the victim had a firearm. Appellant admitted shooting the victim but denied shooting him in the back. Appellant also denied taking any money from the victim.
 {¶ 6} After considering these comments and the presentence investigation report, the trial court stated:
 {¶ 7} "Therefore, looking over the list of factors — well, there is a presumption of imprisonment and there is mandatory time give the firearm specifications on count one as amended.
 {¶ 8} "The Court also sees that his prior record, however old, it appears in your youth you were a violent individual, and it appears in 2002 you must have got back involved with the drug activity * * *.[5]
 {¶ 9} "Obviously you show no genuine remorse. In fact, you show no remorse at all. The victim has suffered serious physical, as well as psychological injuries from this. This — I don't find any grounds for mitigation, let alone substantial grounds, and the court believes that the shortest sentence in this case would demean the seriousness of this crime, and that it will be necessary to protect the public and punish the offender in this case because you don't see anything wrong with this."
 {¶ 10} The trial court sentenced appellant to three years imprisonment on the firearm specification in count one to be served prior to and consecutive with eight years imprisonment on count one; and three years imprisonment on count two to run consecutive to count one for a total of 14 years.
 {¶ 11} The court further noted that, "The Court finds any shorter sentence would demean the seriousness of the crime, would not adequately protect the public, and the harm in this case is great and unusual in two ways. Not only applying the injuries to this particular victim, but also to the witnesses and the people of that neighborhood who, at 7:00 o'clock in the evening absolutely have a right to go place their numbers, as well, and they have a right to do that safely.
 {¶ 12} "And the witnesses that came forth * * * and clearly stated that the victim had turned away and was leaving. If there was any altercation between the two of you, and I'm going to accept for the purposes of today that that was true, the victim was walking away unarmed, walking away when you shot the two shots which strike the victim, and that is born out by the medical records, rear entry.
 {¶ 13} "* * *
 {¶ 14} "So the Court finds that 14 years is not disproportionate to the conduct and danger that you posed to the community in general, as well as to this victim."
 {¶ 15} Appellant submits the following single assignment of error for our review:
 {¶ 16} "The trial court erred by failing to make proper findings of fact and failing to engage in the requisite analysis prior to issuing maximum and consecutive sentences."
 {¶ 17} In this assignment of error, the appellant argues that the trial court erred when it sentenced him to the maximum eight-year term of imprisonment on count one and consecutive term of three years on count two. Appellant claims that in so doing, the trial court failed to consider the factors for maximum and consecutive sentencing under R.C.2929.14(B) and 2929.14(E)(4) and failed to engage in the requisite analysis under by R.C. 2929.19(B)(2)(c).
 {¶ 18} We recognize that the trial court is not required to announce its underlying reasons for finding that a prison term greater than the minimum-authorized sentence should be imposed upon the offender. State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus. Rather, the trial court must have engaged in the statutory analysis and determined that one or both of the exceptions under R.C.2929.14(B) were present. Edmonson, 86 Ohio St.3d at 326.
 {¶ 19} In regard to basic prison terms, R.C. 2929.14(B) provides:
 {¶ 20} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 21} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 22} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 23} The record reveals that the trial court complied with the requirements of R.C. 2929.14(B) and found "the court believes that the shortest sentence in this case would demean the seriousness of this crime, and that it will be necessary to protect the public and punish the offender in this case * * *."
 {¶ 24} Further, in order for the trial court to impose a maximum sentence it must make the required findings set forth in R.C. 2929.14(C), which provides:
 {¶ 25} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 {¶ 26} The transcript is devoid of the trial court's analysis regarding the imposition of the maximum sentence for count one and does not set forth its basis for doing so, in accordance with required findings in R.C. 2929.14(C).
 {¶ 27} Appellant also argues that the trial court failed to make the necessary findings and give its reasons for sentencing him to consecutive sentences with regard to R.C. 2929.14(E)(4), which provides in part:
 {¶ 28} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: * * *
 {¶ 29} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 30} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 31} We have previously found that it is not necessary for the trial court to use the exact language of R.C. 2929.14(B), as long as it is clear from the record that the court made the required findings. SeeState v. Jackson (May 2, 2002), Cuyahoga App. No. 79871; State v.Williams (Feb. 7, 2002), Cuyahoga App. No. 79273, unreported; State v.Hollander (2001), 144 Ohio App.3d 565, 760 N.E.2d 929. However, in this case the transcript reveals that the trial court failed to fully comply with R.C. 2929.14(B). While the trial court found that the harm in this case was great and unusual and that 14 years was not disproportionate to the conduct and danger posed by the appellant, it failed to set forth that the consecutive sentence was necessary to protect the public from future crime or to punish the offender. Further, the trial court failed to clearly state how the appellant's behavior fit into one of the categories listed in R.C. 2929.14.(E)(4)(b) or (c).
 {¶ 32} R.C. 2929.19(B)(2)(c) and (e) provide:
 {¶ 33} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;
 {¶ 34} "* * *
 {¶ 35} "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 36} We find that the trial court complied with the requirements of R.C. 2929.19(B)(2)(c) and provided a litany of reasons, supporting the sentence. The appellant showed no remorse, had a prior history of committing violent crimes, did not see anything wrong with shooting the victim, and shot an unarmed victim who was walking away, in the back. However, the trial court must first make the necessary findings before supplying the required reasons for imposing the maximum and consecutive sentence. Accordingly, appellant's single assignment of error is sustained.
 {¶ 37} Judgment is reversed and remanded for resentencing.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] R.C. 2911.01.
[2] R.C. 2941.141, 2941.145.
[3] R.C. 2903.11.
[4] R.C. 2923.12.
[5] Appellant argues that the trial court improperly considered his juvenile record, however there is no evidence that "in your youth" referenced a juvenile record rather than appellant's adult convictions in 1977. The record does not contain a copy of appellant's prior criminal history.