JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Alex Chandler appeals from the sentence imposed in Cuyahoga County Court of Common Pleas case number CR-416231. For the reasons adduced below, we vacate Chandler's sentence and remand for resentencing.
 {¶ 2} On November 15, 2001, the grand jury returned a six-count indictment against appellant. Counts one and two charged possession of drugs, crack cocaine and PCP respectively, together with a one-year firearm specification on each count. Counts three and four charged trafficking in drugs, crack cocaine and PCP respectively, together with a one-year firearm specification on each count. Count five charged possession of criminal tools and count six charged having a weapon while under disability. Appellant entered a plea of not guilty to these charges at his arraignment on November 30, 2001.
 {¶ 3} On May 14, 2002, appellant withdrew his not-guilty plea and entered a plea of guilty to count one as amended — possession of drugs, a fourth-degree felony, in violation of R.C. 2925.11 with no firearm specification; and to count six — having a weapon while under disability, a fifth-degree felony, in violation of R.C. 2923.13. The remaining counts were nolled.
 {¶ 4} The trial court sentenced appellant on May 25, 2002, to a term of imprisonment of twelve months on each count, to be served concurrent with each other and concurrent with the sentences imposed on appellant in two other cases that same date, case numbers CR-417197 and CR-413006.
 {¶ 5} Appellant brought this appeal raising three assignments of error. Appellant's first assignment of error states:
 {¶ 6} "I. Defendant was denied due process of law when he was sentenced to a wrongful sentence for a felony of the fourth degree for having a weapon while under a disability."
 {¶ 7} Appellant claims the trial court improperly sentenced him for a fourth-degree felony on the charge of having a weapon while under disability, when, in fact, the offense is a fifth-degree felony under R.C. 2923.13(A) (C). The record in this case reflects that the trial court did commit this error.
 {¶ 8} A review of the transcript shows that before taking appellant's plea, the trial court advised appellant that the charge of having a weapon while under disability was a fourth-degree felony. After being corrected by defense counsel, the court stated the charge was actually a fifth-degree felony which exposed appellant to a term of imprisonment of six to twelve months and a possible maximum $2,500 fine. Appellant then pled guilty to the charge.
 {¶ 9} At the sentencing hearing on June 25, 2002, the trial court sentenced appellant to a twelve-month sentence for each count and stated "[e]ach are felonies of the fourth degree. That is possession of drugs and having a weapon while under disability." The court also ordered the sentences to run concurrently.
 {¶ 10} By incorrectly sentencing appellant to a fourth-degree felony for having a weapon while under disability, the trial court violated appellant's due process rights. Appellee also concedes that the trial court erred by sentencing appellant to a fourth-degree felony on this charge.
 {¶ 11} Appellant's first assignment of error is sustained.
 {¶ 12} Appellant's second assignment of error states:
 {¶ 13} "II. Defendant was denied due process of law when he was sentenced to a maximum term of imprisonment for a fifth degree felony."
 {¶ 14} Appellant also argues that since the offense for having a weapon while under disability constitutes a fifth-degree felony, the sentence imposed was a maximum sentence. Under R.C. 2929.14, the prison term which may be imposed for a fourth-degree felony is six to eighteen months, whereas the term for a fifth-degree felony is six to twelve months. Since the offense charged was a fifth-degree felony, the twelve-month sentence imposed by the trial court was the maximum sentence.
 {¶ 15} In order for a trial court to impose the maximum sentence it must make the required findings set forth in R.C. 2929.14(C), which provides in relevant part:
 {¶ 16} "* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes. * * *"
 {¶ 17} In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court held that in order to lawfully impose a maximum prison sentence, the record must reflect that the trial court found the defendant satisfied at least one of the criteria set forth in R.C.2929.14(C). It is not necessary for the trial court to use the exact language of R.C. 2929.14(C), as long as it is clear from the record that the court made the required findings. State v. Hollander (2001),144 Ohio App.3d 565. Failure to enumerate the findings behind the sentence constitutes reversible error. Edmonson, 86 Ohio St.3d at 329.
 {¶ 18} In addition, R.C. 2929.19(B) requires the trial court "make a finding that gives its reasons for selecting the sentence imposed" and if that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term."
 {¶ 19} In the instant case, the trial court did not make the required findings for imposing the maximum sentence on the record. We find that this was reversible error. See Edmondson,86 Ohio St.3d at 329. Appellee also concedes that the trial court did not follow the sentencing statutes.
 {¶ 20} Appellant's second assignment of error is sustained.
 {¶ 21} Appellant's third assignment of error states:
 {¶ 22} "III. Defendant was denied due process of law when he was sentenced for a felony of the fourth degree."
 {¶ 23} Appellant argues that the trial court erred in sentencing him to prison for the charge of possession of drugs, a fourth-degree felony, without complying with the sentencing provisions. Specifically, appellant claims that there is a presumption of probation for the offense and that the trial court was "required to impose a prison term only if it found, on the record, that defendant was not amenable to any available community control sanction. Ohio Rev. Code § 2929.13(B)(2)(a)."
 {¶ 24} We have previously held that R.C. 2929.13 does not create any presumption in favor of either community control sanctions or imprisonment for fourth or fifth-degree felony offenders. State v.Dandridge, Cuyahoga App. No. 80638, 2002-Ohio-5842. Rather, the statute requires a trial court to impose either prison or community control sanctions if certain combinations of factors are found. State v. Jordon
(Nov. 12, 1998), Cuyahoga App. No. 73493.
 {¶ 25} R.C. 2929.13(B)(2)(a) and (b) limit a trial court's general discretionary authority to impose authorized sanctions. State v. Brown
(2001), 146 Ohio App.3d 654, 658. R.C. 2929.13(B)(2)(a) requires a trial court to impose a sentence of incarceration for a fourth-degree felony or fifth-degree felony if the court 1) finds at least one of the nine enumerated factors under R.C. 2929.13(B)(1)(a) to (h) is applicable[1]; 2) after considering the seriousness and recidivism factors set forth in R.C. 2929.12, finds that a prison term is consistent with the overriding purposes and principles of felony sentencing under R.C. 2929.11 — protection of the public from future crime and punishment of the offender[2]; and 3) finds that the offender is not amenable to an available community control sanction. R.C. 2929.13(B)(2)(a).
 {¶ 26} If the trial court makes the findings under R.C.2929.13(B)(2)(a), then the court has no choice but to impose a prison term. Brown, 146 Ohio App.3d at 658. Alternatively, the court must impose community control sanctions upon the offender pursuant to R.C.2929.13(B)(2)(b), if the court 1) finds none of the nine enumerated factors under R.C. 2929.13(B)(1)(a) to (h) are applicable; and 2) after considering the factors set forth in R.C. 2929.12, finds that community control sanctions are consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.
 {¶ 27} If neither of these particular combinations are found, then the trial court is simply guided by the general principles of sentencing and is free to apply its discretion in conformance with the more general provisions of the felony sentencing statutes. Jordon, Cuyahoga App. No. 73493; Brown, 146 Ohio App.3d at 658. Thus, where a court finds that none of the nine enumerated statutory factors apply, but that, consistent with the purposes and principles of sentencing, the offender is also not amenable to community control sanctions, then a trial court may still impose a prison sentence. Brown, 146 Ohio App.3d at 658.
 {¶ 28} A review of the sentencing hearing transcript reveals the trial court did not comply with the several requirements necessary to justify the imposition of a prison term. Appellee again concedes that the trial court did not comply with the sentencing statutes.
 {¶ 29} Accordingly, appellant's third assignment of error is sustained.
 {¶ 30} Based on the foregoing analysis, we hereby vacate the sentence in its entirety and remand the matter for a new and complete sentencing hearing.
Sentence vacated; remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] The factors listed in R.C. 2929.13(B)(1) include:
"(a) In committing the offense, the offender caused physical harm to a person.
"(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
"(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
"(d) The offender held a public office or position of trust and the offense related to that office or position; * * *
"(e) The offender committed the offense for hire or as part of an organized criminal activity.
"(f) The offense is a sex offense that is a fourth or fifth degree felony * * *
"(g) The offender previously served a prison term.
"(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
"(i) The offender committed the offense while in the possession of a firearm."
[2] R.C. 2929.11 further requires that the sentence be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed on similar offenders committing similar crimes.