OPINION
{¶ 1} Justin Ridenour is appealing the judgment of the Miami County Common Pleas Court convicting him of sexual battery, sentencing him to five years incarceration, and designating him a sexually oriented offender.
 {¶ 2} On or about November 11, 2002, Ridenour placed his finger into a nine-year old girl's vagina and inserted his penis into her rectum. The victim was the daughter of Ridenour's live-in girlfriend. There was blood found on the victim's thighs and on her pillow and comforter. An examination by a physician at a hospital revealed a small tear in the minor's vaginal opening.
 {¶ 3} Ridenour pled no contest to one count of sexual battery, and the plea agreement contained a joint stipulation that Ridenour would be designated a sexually oriented offender. Ridenour was sentenced to the maximum sentence of five years imprisonment. He now appeals that judgment and sentence, asserting three assignment of error.
 {¶ 4} Ridenour's first assignment of error:
 {¶ 5} "The trial court erred when it sentenced Mr. Ridenour, a first-time felony offender, to a greater-than-minimum term of imprisonment without engaging in the analysis required by R.C. 2929.14(B). The trial court's failure to sentence Mr. Ridenour in accordance with R.C. 2929.14(B) denied him due process of law as provided for by theFourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. (January 27, 2003 Sentencing Hearing Transcript; February 4, 2003 Sentencing Entry)."
 {¶ 6} Ridenour presents two main issues for our review in this assignment of error: (1) "If a trial court imposes a maximum sentence on a first-time felony offender by making the findings required by R.C.2929.14(C), must i[t] also make the greater-than-minimum findings required by R.C. 2929.14(B)?" and (2) "Must a trial court make the findings required by R.C. 2929.14(B) both in the sentencing entry and at the sentencing hearing?"
 {¶ 7} R.C. 2929.14(B) states:
 {¶ 8} "Except as provided in division (C) * * * of this section, * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 9} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 10} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} The first issue in this assignment of error is whether a trial court must also make the greater-than-minimum findings under R.C.2929.14(B) if it is imposing the maximum sentence on a first-time felony offender under R.C. 2929.14(C). We note that both parties acknowledge that there is conflict within Ohio courts, and that this issue is currently pending before the Ohio Supreme Court. See, State v. Evans,98 Ohio St.3d 1508, 2003-Ohio-1572, 786 N.E.2d 60. On this issue, this court has previously held that "if a maximum sentence is properly imposed under R.C. 2929.14(C), findings about a minimum sentence under R.C.2929.14(B) are not required." State v. Schlecht, Champaign App. No. 2003-CA-3, 2003-Ohio-5336. (Citation omitted.) We reasoned that "[i]f a maximum sentence is properly imposed, rejection of a minimum sentence is inherent in the findings used to justify the maximum sentence." Id.
 {¶ 12} While we realize that this issue is currently pending before the Ohio Supreme Court, we stand by our previous holding and find no merit in Ridenour's contention that the trial court was required to make statutory findings necessary to sentence him to a greater than minimum sentence. Hence, this portion of the assignment of error is overruled.
 {¶ 13} We similarly find no merit in Ridenour's second issue within this assignment of error, whether the trial court was required to make the findings under R.C. 2929.14(B) both in the sentencing entry and at the sentencing hearing. Based upon our reasoning that R.C. 2929.14(B) does not apply if the trial court imposes a maximum sentence pursuant to R.C. 2929.14(C), we find that the requirements of R.C. 2929.14(B) are inapplicable. In any event, we find that the trial court did properly state its reasons for sentencing Ridenour to the maximum term in this case, as we will address in our response to Ridenour's second assignment of error.
 {¶ 14} Accordingly, Ridenour's first assignment of error is overruled.
 {¶ 15} Ridenour's second assignment of error:
 {¶ 16} "The trial court erred when it sentenced Mr. Ridenour to a maximum term of imprisonment based upon the court's erroneous belief that Mr. Ridenour had failed to comply with a court order. The trial court's error denied Mr. Ridenour due process of law as provided for by theFourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. (January 27, 2003 Sentencing Hearing Transcript)."
 {¶ 17} Ridenour asserts that the trial court committed plain error when it imposed the maximum term of imprisonment for failing to comply with a court order that did not exist. According to Ridenour, he was not under a restraining order or otherwise prevented from having contact with the victim or the victim's mother, and to penalize him for violating such a non-existent order by sentencing him to the maximum amount of time is a violation of his due process rights and contrary to R.C. 2929.14(C).
 {¶ 18} The Ohio Supreme Court has held that in order to impose a maximum term, the record must reflect that the trial court imposed the maximum sentence based on the defendant satisfying one of the criteria listed in R.C. 2929.14(C). State v. Edmonson, 86 Ohio St.3d 324, 329,1999-Ohio-110, 715 N.E.2d 131. It is not necessary for the trial court to use the exact language of R.C. 2929.14(C), as long as it is clear from the record that the court made the required findings. State v. Hollander
(2001), 144 Ohio App.3d 565, 760 N.E.2d 929. R.C. 2929.14(C) states, in pertinent part:
 {¶ 19} "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 20} In this case, the trial court noted that Ridenour had a history of criminal convictions, and that he had been on probation at the time of this offense. Ridenour also demonstrated a pattern of drug and alcohol abuse, and had refused treatment despite being ordered to do so in the past. The trial court continued:
 {¶ 21} "Under more serious, the injury to the victim was worsened by the physical or mental condition or age of the victim. It was a nine year old victim.
 {¶ 22} "The offender was in a position of trust in that he was in a relationship with the victim's mother and resided at the house.
 {¶ 23} "The relationship with the victim facilitated at the house, and that was the same reason. {sic}
 {¶ 24} "The final relevant factor would be that the Defendant was having phone contact with the victim and the victim's mother and using it to influence their behavior during his incarceration in the jail.
 {¶ 25} "I find that the Defendant is not amenable to an available Community Control sanction, and I find that under the facts of this case that actually the case involves a forcible rape of a nine year old child which carries a penalty of life imprisonment. And I have to look at it in the context of the crime that was charged and the crime that was adjudicated here, but I also want to look at it for what it was, because actually it could have been prosecuted as a forcible rape.
 {¶ 26} "I find the Defendant committed the worst form of the offense and poses the greatest likelihood of committing future crimes.
 {¶ 27} "As to the crime itself, the Defendant inserted one or more fingers into the female nine year old victim's vagina, attempted to perform cunnilingus upon her and placed his penis in her anus. The acts involved force. The victim fell off the bed during the course of the acts and was picked up and placed back on the bed for the crimes to continue.
 {¶ 28} "The sexual assault was very painful and resulted in substantial bleeding to the child. Her vaginal opening was torn and blood was smeared inside her thighs, was found on her bed sheets and on her mother's bed sheets when the victim ran to her mother to report the crime.
 {¶ 29} "And on the towel found next to the Defendant where he sat naked in a recliner immediately after the crime there was blood evident on that towel as well." (Tr. 10-12.)
 {¶ 30} The trial court discussed Ridenour's past history of "dangerous and violent conduct while under the influence of alcohol," and his repeated probation violations. The trial court continued:
 {¶ 31} "The Defendant has no remorse for the crime and gives an implausible and rather ridiculous explanation as to what happened in regard to the crime in stating in the Pre-Sentence Investigation that the victim made false allegations against him to cause tension between him and the victim's mother. He's very degrading when describing the victim.
 {¶ 32} "The Defendant repeatedly violated the Municipal Court's no contact order with the victim in an attempt to manipulate the child and her mother.
 {¶ 33} "The Defendant has been surprisingly effective in manipulating the mother against the victim and in the interest of the child, at least to some degree." (Tr. 12-13.)
 {¶ 34} For these reasons, the trial court found Ridenour to be an offender who had committed one of the worst forms of the offense and posed a great likelihood of committing future crimes.
 {¶ 35} The issue is whether the trial court's sentencing of Ridenour to a maximum prison term is based upon erroneous information that he violated a municipal court order. For the reasons stated below, we disagree with Ridenour's assertions and find any resulting error to be harmless.
 {¶ 36} We must first point out that the Ohio Supreme Court has recently held that a trial court must articulate its findings and reasons for sentencing a defendant at a felony sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. The court explained the "practical application" of the holding, stating that "[a]ll interested parties are present at the hearing. Thus, an in-court explanation gives counsel the opportunity to correct obvious errors." Id. at 477-478, ¶ 22.
 {¶ 37} In this case, Ridenour and his attorney were present for the sentencing. They heard the trial court's reasoning for sentencing Ridenour to the maximum prison term, however no objections or other efforts were made to correct the trial court regarding this non-existent municipal court order. We find that Ridenour's failure to state his position on the record essentially waives error on this issue.
 {¶ 38} In any event, we find that any error resulting from the trial court's mistake of relying on a violation of a non-existent municipal court order is harmless, and that Ridenour experienced no prejudice due to this error. A careful review of the sentencing hearing transcript reveals that the trial court found substantial evidence supporting two of the factors under R.C. 2929.14(C), leading to the trial court's decision to sentence Ridenour to the maximum prison term. The trial court articulated its reasons for why it believed Ridenour had committed the worst form of the offense, stating at length the facts of the case and how the facts fit better into a situation of rape than that of the lesser crime of sexual battery of which Ridenour was convicted. In terms of whether Ridenour "posed the greatest likelihood" of recidivism under R.C. 2929.14(C), the trial court discussed at length many factors and found that there were "no factors" in Ridenour's favor. The trial court stated that Ridenour had a history of criminal convictions, and was on probation at the time this offense occurred.
 {¶ 39} While the trial court did once briefly mention the violation of a municipal court no-contact order, we believe the trial court's focus was instead on Ridenour's actions of re-victimizing the victim by attempting to manipulate her and her mother in an effort to have them recant their stories. Ridenour's actions served as evidence of his tendency toward recidivism, as he was, in effect, re-offending prior to his sentencing.
 {¶ 40} Upon review of the record before us, we cannot say the trial court erred by imposing the maximum sentence upon Ridenour. Accordingly, his second assignment of error is overruled.
 {¶ 41} Ridenour's third assignment of error:
 {¶ 42} "Mr. Ridenour was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution when defense counsel failed to object to the trial court's failure to comply with R.C. 2929.14(B) and (C), and2929.19(B)(2)(d). (January 27, 2003 Sentencing Hearing Transcript)."
 {¶ 43} Ridenour asserts that counsel was ineffective for failing to object to the errors raised in this appeal during the January 27, 2003 sentencing hearing.
 {¶ 44} We disagree. We evaluate ineffective assistance arguments under an analysis derived from Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. Specifically, for a conviction to be reversed on the basis of ineffective assistance of counsel, the defendant must show "that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different." State v. Honeycutt, Montgomery App. No. 19004, 2002-Ohio-3490.
 {¶ 45} First, Ridenour contends that his trial counsel was ineffective for failing to object to the trial court's sentencing language on which he focused his first assignment of error. We cannot find trial counsel to be deficient in his duties, as the law in Ohio is unsettled on this issue and the trial court's sentencing was in accordance with the case law in this district at the time the sentencing was performed.
 {¶ 46} Ridenour next contends that trial counsel's failure to object to the trial court's mischaracterization of the existence of a municipal court order constituted ineffective assistance of counsel. However, as we have already stated, the trial court did not focus on this erroneous fact in its determination, and any resulting error therefrom was harmless for the reasons set forth in our response to Ridenour's second assignment of error. Consequently, his trial counsel's failure to object to such mischaracterization cannot be deemed to have been a performance that fell below an objective standard of reasonableness. SeeState v. Bradley (1989), 42 Ohio St.3d 136, 137, 538 N.E.2d 373.
 {¶ 47} Ridenour's third assignment of error is overruled.
 {¶ 48} The judgment of the trial court is affirmed.
Fain, P.J. and Grady, J., concur.