JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Lajos Ugri, II, appeals from the judgment of the Common Pleas Court sentencing him to the maximum term of incarceration. Finding no merit to the appeal, we affirm.
 {¶ 2} In November 2003, Ugri pled guilty in Case No. CR-439712 to one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, and one count of arson, in violation of R.C. 2909.03, in Case No. CR-441210.
 {¶ 3} The trial court subsequently sentenced him to the maximum term of five years incarceration in Case No. CR-439712 and eighteen months incarceration in Case No. CR-441210, to be served consecutively. On appeal, Ugri contends that the trial court erred in sentencing him to the maximum term of incarceration for the offense of unlawful sexual conduct with a minor.
 {¶ 4} R.C. 2929.14(C) specifies when a court may impose a maximum prison term:
 {¶ 5} "* * * The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 6} Thus, in order to lawfully impose the maximum term, the trial court must find that the offender satisfies one of the criteria set forth in R.C. 2929.14(C). State v. Edmonson
(1999), 86 Ohio St.3d 324, 329. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. State v.Hollander (2001), 144 Ohio App.3d 565. In addition, the trial court must give its reasons for its findings. R.C. 2929.19(B);Edmonson, supra.
 {¶ 7} In determining whether an offender poses the greatest likelihood of committing future crimes, a trial court must consider the five factors enumerated in R.C. 2929.12(D), one of which is whether the offender has a history of criminal convictions. Only one of the factors need apply in order to find that the offender poses the greatest likelihood of committing future crimes. State v. Daniels, Cuyahoga App. No. 82972, 2003-Ohio-486, at ¶ 18.
 {¶ 8} Here, in accordance with R.C. 2929.14(C), the trial court found that a maximum sentence was warranted because Ugri posed the greatest likelihood of committing future crimes. Prior to sentencing him, the trial judge reviewed Ugri's extensive criminal history on the record. The judge noted that he committed his first crime at the age of 13. His juvenile record included separate cases for theft in 1990; burglary, robbery, theft, vandalism and assault in 1991; theft in 1994; and unauthorized use of a motor vehicle in 1995. His felony cases began in 1996 with three counts of burglary, then a probation violation, and, later, two more cases of theft and burglary. The trial judge noted that Ugri served a prior prison sentence in 1998, and in 2000 was sentenced to six months incarceration for attempted receipt of stolen property and later, another six months incarceration on a theft conviction. In light of Ugri's extensive criminal history and his admission that frequent PCP use made his mind "hazy," the trial judge stated:
 {¶ 9} "It's also apparent that the PCP usage in your life has completely fried your brain. You are one of the greatest threats to society given your history of prior crimes that I've come across in the last six months.
 {¶ 10} "* * *
 {¶ 11} "Your intelligence level, that being low, and your inability to control your anger leaves me to predict with certainty that you will commit certain crimes, future crimes if given anything less than the maximum consecutive sentence.
 {¶ 12} "I find the longest term herein is necessary to protect the public from future crimes."
 {¶ 13} The record reflects that the trial judge properly determined that Ugri posed the greatest likelihood of committing future crimes. His extensive history of criminal convictions and prior incarcerations, coupled with his frequent PCP use, demonstrated the greatest likelihood of recidivism.
 {¶ 14} Ugri argues that the trial court erred in imposing the maximum sentence because the record does not demonstrate by clear and convincing evidence that his offense of unlawful sexual conduct with a minor was the "worst form of the offense" or that he was the "worst offender." This argument is irrelevant, however, because the trial court found that a maximum sentence was warranted for another reason set forth in R.C. 2929.14(C).
 {¶ 15} On this record, we find the court's determination that Ugri posed the greatest likelihood of committing future crimes supported by clear and convincing evidence. Appellant's assignment of error is therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Celebrezze, Jr., J., concur.