{¶ 39} I respectfully dissent and feel compelled to write separately to highlight the troublesome nature of this case, specifically the woefully lenient plea bargain and preposterous sentence imposed, which are patently disproportionate to the unconscionable crimes committed by this appellant. It is grotesque and disheartening, to say the least.
 {¶ 40} As stated in the majority opinion, the appellant originally faced a 48-count indictment charging the following:
 {¶ 41} Counts 1-23, rape (Jane Doe I, under age 13) with furthermore of defendant purposely compelling the victim to submit by force or threat of force and causing serious physical harm to the victim, plus a sexually violent predator specification; Count 24, gross sexual imposition (Jane Doe II, under age 13); Counts 254-7, kidnapping (Jane Doe I, under age 13) with sexual motivation specification; Count 48, kidnapping (Jane Doe II, under age 13) with sexual motivation specification.
 {¶ 42} These heinous crimes occurred over a four-year time period and involved horrendous, sexually abusive crimes against victims, who were very minor children; in fact, they were theappellant's own daughters. A parent is responsible for the protection, health, and welfare of his children. This appellant instead wielded his position of authority to sexually abuse his daughters for over four years. Now the lives of two small and innocent children are ruined, with at least one child left chronically suicidal.
 {¶ 43} Were the appellant to have been found guilty of all 48 counts in the original indictment, the rape convictions alone would have subjected him to the possibility of 23 life sentences without parole. However, he was permitted to plead guilty to only one count of gross sexual imposition and one count of attempted gross sexual imposition. Appellant still faced a maximum of six-and-a-half years in prison, if the maximum sentences for each of those offenses were ordered to run consecutively. This defendant was instead sentenced to a total of only three-and-a-half years in prison.
 {¶ 44} In accordance with sound legal principle, I find this sentence to be contrary to both the aim of the law and the message we want to send to the villainous individuals who would commit such horrific crimes. At the very least, this is a clear case for the imposition of the maximum sentence the appellant could receive pursuant to his plea. "To impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism." State v. Kalinowski,
Cuyahoga App. No. 80814, 2002-Ohio-6494; citing State v.Hollander (2001), 144 Ohio App.3d 565, 569, 760 N.E.2d 929.
 {¶ 45} As the majority respectfully mentioned, the record indicates that there was confusion on the part of the trial court at the time of sentencing. The trial judge had to be reminded that there were two victims instead of one and that both victims were appellant's daughters. In that state of confusion, the trial court lengthened the total sentence only slightly by merely running the sentences consecutively instead of concurrently, stating the following ludicrous justification:
 {¶ 46} "No, I was working — I'm telling you now I ran them concurrently, it's the same girl but my position is different as I analyze this if it's two girls. Now, the gross sexual imposition was FAR LESS imposing on the second girl, so I'll reduce the sentence from one year to six months, make it consecutive so it's a three and a half year sentence. It's certainly nothing to be proud of, but it's not to the level of disgusting activity that, although it's disgusting, it's far lower level than Count 1. So the year for the second count is amended to six months, minimum time but it's served consecutively." (Emphasis added.) (Sentencing Tr. pg. 36.)
 {¶ 47} The initial sentence was based on the assumption that there was only one victim, and yet the trial court amended the sentence, without even taking a brief recess, after being reminded that there were two victims. The trial court then proceeded to speak lightly of these extremely heinous crimes, particularly concerning the crimes committed against the second victim, who the trial court initially forgot existed. How could anything be more incredulous? I can see no less severity in appellant's conduct against the second victim in comparison to the first. The second victim was relegated to living with this monster of a father and watching her older sister being used as a wife instead of a daughter; then she was groomed to take her sister's place. When a father sexually abuses his oldest daughter for years and then discards her like a used paper towel to begin the horror again with his younger daughter, it is nothing short of a travesty for all the victims. If the abhorrent offenses committed by this appellant do not constitute a worst form of the offense, then this jurist cannot conceive of one that does.
 {¶ 48} For these reasons, I would be inclined to vacate appellant's plea to allow for his reindictment on all 48 of the original charges, which could subject him to a possible sentence of life without parole. I believe there is a proper legal basis in this case to do so. The majority opinion correctly notes that no mention of post-release control was ever made at the time the trial court accepted the appellant's plea. It would be entirely consistent with rulings from this court to sua sponte vacate the plea on these grounds. Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing, or at the time of a plea hearing, that post-release control is part of the offender's sentence. State v. Jordan, 104 Ohio St.3d 21, 28,2004-Ohio-6085, 817 N.E.2d 864; Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103. A trial court's lack of notification regarding post-release control during a plea hearing could, in some instances, form a basis to vacate a plea.Jordan, supra.
 {¶ 49} The majority has decided not to vacate appellant's plea for the reasons given at the close of the majority opinion. I respectfully dissent and would find plain error in the trial court's failure to inform as to post-release control at the time of appellant's plea. I would vacate the plea and remand this case.