JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant John L. Turner, Jr. ("Turner") appeals from the decision of the Cuyahoga County Court of Common Pleas to sentence him to maximum consecutive terms of imprisonment. For the reasons adduced below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Turner was indicted by the Cuyahoga County Grand Jury in two separate cases arising from different incidents.
 {¶ 3} On November 21, 2000, in case number CR-398766, Turner and co-defendant, John D. Allen, Jr., were indicted on five counts. Counts one through four charged theft (R.C. 2913.12) and count five charged receiving stolen property (R.C. 2913.51).
 {¶ 4} On December 7, 2000, in case number CR-399753, Turner was indicted on another five counts with co-defendants John D. Allen, Jr. and Theresa R. Henderson. Counts one and two charged theft (R.C. 2913.02), and the remaining counts charged forgery (R.C. 2913.31), uttering (R.C.2913.31), and breaking and entering (R.C. 2911.13).
 {¶ 5} Turner was arraigned for the two cases on December 13, 2000. At the time of the arraignment, Turner waived copy, notice, and reading of the indictment. On February 23, 2001, Turner entered a plea of guilty to counts one, two, and four in case number CR-398766, and to counts one and two in case number CR-399753. The remaining counts were nolled.
 {¶ 6} At the sentencing hearing on March 30, 2001, the court stated that during the presentence investigation, Turner divulged he had never received a copy of the indictment in case number CR-399753. As a result, the court re-arraigned Turner on the indictment. Turner confirmed he had received the indictment the day before and waived the 24-hour service requirement. Turner again pled guilty to counts one and two with the remaining counts being nolled.
 {¶ 7} The trial court proceeded to sentence Turner to the maximum sentence on each count. The court further found that all counts were to run consecutively within and between the cases.
 {¶ 8} The journal entries did not comport with the sentence imposed in court, and instead provided that the sentences for the individual counts in each case were to run consecutively, while the case numbers would run concurrently. On October 29, 2001, the trial court issued a corrected entry providing that the sentences in each case were to run consecutively to the sentences imposed in the other case.
 {¶ 9} Turner has appealed the trial court's sentencing order raising five assignments of error, and a supplemental error for our review. We first address Turner's supplemental error in which he challenges service of the indictment in case number CR-399753.
 {¶ 10} Turner argues that he was not properly arraigned because he was not properly served with the indictment by the clerk of court pursuant to R.C. 2941.49. As a general rule, any alleged defect in service of an indictment is considered waived unless it is raised prior to trial. See Goman v. Maxwell (1964), 176 Ohio St. 236. Therefore, if a defendant wishes to avail himself of an alleged defect in the service of an indictment, he must object or otherwise raise the issue prior to trial. State v. Coffey (Dec. 9, 1996), Butler App. No. CA96-07-136, citing Boyer v. Maxwell (1963), 175 Ohio St. 318. Moreover, an accused waives his right to service of an indictment by entering a plea of guilty. Click v. Eckle (1962), 174 Ohio St. 236.
 {¶ 11} The record in this case reflects that Turner waived copy, notice, and reading of the indictment at his arraignment on December 13, 2000. Turner proceeded to plead guilty to charges in both cases. Because Turner later claimed he had not received a copy of the indictment in case number CR-399753, the court re-arraigned him on March 30, 2001. The record shows that Turner stated he had received a copy of the indictment the day before, he had read the indictment and understood the charges, and he waived the 24-hour waiting period. Turner again entered a plea to counts one and two, with the remaining counts being nolled. In view of the record before us, it can only be concluded that Turner effectively waived proper service of the indictment.
 {¶ 12} We next consider whether the alleged defects in service rise to the level of plain error. See Coffey, supra. Plain error is an obvious error or defect involving substantial rights in the trial court proceeding. State v. Hunter, Cuyahoga App. No. 81006, 2003-Ohio-994, citing State v. Moreland (1990), 50 Ohio St.3d 58, 62. It is not grounds for reversal unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise. Id.
 {¶ 13} In this matter, the record reveals Turner had received a copy of the indictment in case number CR-399753 and was familiar with the charges against him at the hearing on March 30, 2001. The record also reflects that the court read the charges to Turner, Turner stated he understood the charges, and that he proceeded to plead guilty. Upon this record, we do not find that the outcome would clearly have been otherwise, but for the alleged failure of proper service of the indictment. We find no plain error.
 {¶ 14} Turner's supplemental error is overruled.
 {¶ 15} Assignment of error number 1 states:
 {¶ 16} "The trial court lacked the authority to accept Mr. Turner's plea and impose sentence because the trial judge was not properly assigned to the case in accordance with the rules of superintendence."
 {¶ 17} Turner argues that the trial judge lacked authority to rule on any matters related to the case because she was not the initial judge randomly assigned to the case and the transfer of the case to her was not done through the administrative judge in compliance with Sup.R. 36 and Cuyahoga County Loc.R. 30. Turner's argument lacks merit.
 {¶ 18} The assignment of the trial court judge to this case occurred at the time of the arraignment. The record reflects that at the time of Turner's arraignment, his co-defendants' actions, under the same case numbers, were already pending before the same trial judge.
 {¶ 19} Sup.R. 36 governs the individual assignment system of cases to judges. This system is designed to ensure judicial accountability, timely processing, and random assignment of individual cases. However, as the commentary to the rule provides, "The distinguishing feature of the individual assignment system is that it places responsibility upon one judge for the disposition of cases. Once a case is assigned to a judge under this system, all matters pertaining to the case are to be submitted to that judge for determination." Further, Cuyahoga County Loc.R. 30(D)(3) provides that a defendant's case will be assigned to judges previously assigned to a co-defendant's pending case. A review of the record reveals the alleged error in the assignment of cases CR-398766 and CR-399753 stems from the arraignment status forms in each case file reflecting that at 9:09:52 a.m., Judge Jose Villanueva's name was "pulled" and assigned to both files. Apparently this occurred because the arraignment commissioner or clerk responsible for the file was unaware or overlooked the fact that the co-defendants' files were already assigned to Judge Burnside. The transcript also references Judge Villanueva as the assigned judge. This mistake, however, was apparently quickly discovered and corrected.
 {¶ 20} The journal entries for both cases correctly identify Judge Burnside as the assigned judge. Thus, since Turner's case was assigned to the judge before whom his co-defendants' cases were already pending, no legal error occurred. There is nothing in Sup.R. 36 or Loc.R. 30(D)(3) that mandates additional journalization beyond the standard assignment journal or review by the administrative or presiding judge of this type of assignment.
 {¶ 21} Additionally, Turner failed to object to the assignment of the trial judge in the course of proceedings below and, therefore, waived all but plain error on appeal. State v. Phillips (1995), 74 Ohio St.3d 72,83; State v. Hunter, Cuyahoga App. No. 81006, 2003-Ohio-994. We find no plain error.
 {¶ 22} Assignment of error number 1 is overruled.
 {¶ 23} Nevertheless, the mistake of naming two judges at arraignment, without clarification on the record or file, indicates an apparent problem with the existing case assignment process. While there is nothing to suggest any impropriety in this case, in the past the system was compromised by manipulating the selection of judges to fit particular cases. State v. McCool, (Oct. 3, 1988) Cuyahoga App. Nos. 54403, 54404. Undocumented administrative errors in this process can lead some to believe or allege that somehow the process is compromised or tainted.
 {¶ 24} Assignment of error number 2 states:
 {¶ 25} "The trial court erred when it sua sponte modified its March 30, 2001 journal entries sentencing the appellant to a three year term of incarceration."
 {¶ 26} Turner argues the trial court lacked authority to modify the journal entries issued on March 30, 2001, which ordered the sentences in each case to run concurrently to the other case. Turner claims the court could not modify his sentence without him present pursuant to Crim.R. 43(A). This argument lacks merit.
 {¶ 27} A review of the record reflects that the trial court did not modify Turner's sentence, but instead corrected a clerical error in its journal entry. The transcript of the sentencing proceeding reflects that the court ordered the individual sentences in each case to run consecutive to the other case:
"THE COURT: * * * the two * * * 12 month sentences in the 399 casenumber are consecutive to one another and consecutive to the sentences hemust serve in the 398 case number.
 "And in the 398 case number, it was three consecutive, maximumsentences of one year in Lorain Correctional Institution.
 "So that will net the gentleman five years for all of his thievery* * *."
 {¶ 28} In a judgment entry issued November 5, 2001, the court corrected the clerical error that occurred in the original journal entries. As the court stated:
"The sentencing entry in CR 398766 and in CR 399753 each incorrectlyset forth that the above-named Defendant John L. Turner, Jr. wassentenced to concurrent sentences in his two criminal cases. He was infact sentenced to consecutive sentences."
 {¶ 29} The court then mistakenly referenced Crim.R. 32.1, pertaining to the withdrawal of a guilty plea, in making the correction of the clerical mistake. The applicable rule is Crim.R. 36, which permits a court to correct clerical mistakes at any time. See State v. Steinke,
Cuyahoga App. No. 81785, 2003-Ohio-3527. Since a court may correct clerical errors at any time, the trial court did not error in sua sponte ordering the judgment entry of the sentence to conform to the transcript of the sentencing hearing.
 {¶ 30} Assignment of error number 2 is overruled.
 {¶ 31} Assignment of error number 3 states:
 {¶ 32} "The trial court violated R.C. 2929.11(B) when it failed to insure that the sentence imposed was consistent with similar sentences imposed for similar offenders including the codefendant."
 {¶ 33} R.C. 2929.11(B) reads as follows: "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 34} This court has previously recognized that R.C. 2929.11 does not require a trial court to make findings on the record, but rather, it sets forth objectives for sentencing courts to achieve. State v.Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341; State v. Bolton
(Sept. 5, 2002), Cuyahoga App. No. 80263. Trial courts are given broad but guarded discretion in applying these objectives to their respective evaluations of individual conduct at sentencing. Georgakopoulos, supra.
 {¶ 35} Our review of the record does not demonstrate that the trial court failed to consider the objectives set forth in R.C. 2929.11. Turner pled guilty to a number of fifth-degree theft offenses arising from a pattern of breaking into cars and stealing property, including credit cards, and then using those credit cards to steal merchandise. These were very egregious crimes against property that also caused significant financial harm to the victims. The court reviewed Turner's long history of felony offenses and found that recidivism was likely. The court stated that it did not consider Turner a candidate for community service as a practical matter, recognizing that the "principles and purpose of felony sentencing is now to protect the public and punish the offender."
 {¶ 36} Nevertheless, Turner argues that his sentence was not consistent with sentences imposed for similar crimes committed by similar offenders, including his co-defendant who was sentenced to eleven months for the same crimes. There is nothing in the record to show that the difference in Turner's sentence from that of any other offender was the result of anything other than the individualized factors applied to Turner.
 {¶ 37} While Turner claims his co-defendant was charged with the same offenses but was sentenced to less time, Turner had a more violent criminal history. His lengthy record included convictions for aggravated assault and having a weapon while under disability. The court found that Turner had been sent to prison on many of his prior convictions and yet showed no signs of rehabilitation.
 {¶ 38} Further, the defense's reliance on only one other person's sentence does not show that the court failed to consider whether Turner's sentence was "consistent with sentences imposed for similar crimes committed by similar offenders." Consistency in sentencing does not require uniform results. State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188; State v. Quine (Dec. 18, 2002), Summit App. No. 20968.
 {¶ 39} There is no grid under Ohio law under which identical sentences must be imposed for various classifications of offenders. Instead, Ohio law offers a range of sentences so that divergent factors may be considered. As explained in Ryan, supra:
"The Ohio plan attempts to assure proportionality in felony sentencingthrough consistency. R.C. 2929.11(B). Consistency, however, does notnecessarily mean uniformity. Instead, consistency aims at similarsentences. Accordingly, consistency accepts divergence within a range ofsentences and takes into consideration the trial court's discretion toweigh relevant statutory factors. [Griffin and Katz, SentencingConsistency: Basic Principles Instead of Numerical Grids: The Ohio Plan(2002), 53 Case W.R.L.Rev. 1, 12]. The task of the appellate court is toexamine the available data not to determine if the trial court hasimposed a sentence that is in lockstep with others, but whether thesentence is so unusual as to be outside the mainstream of local judicialpractice. Id. at 13. Although offenses may be similar, distinguishingfactors may justify dissimilar sentences. Id. at 15."
 {¶ 40} On balance, we find that the record adequately demonstrates that the trial court considered the objectives of R.C. 2929.11(B) when sentencing Turner.
 {¶ 41} Assignment of error number 3 is overruled.
 {¶ 42} Assignment of error number 4 states:
 {¶ 43} "The trial court erred when it ordered consecutive sentences without furnishing the necessary findings and reasons required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)."
 {¶ 44} R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is
"(1) necessary to protect the public from future crime or to punish theoffender; (2) not disproportionate to the seriousness of the offender'sconduct and to the danger the offender poses to the public; and (3) thecourt finds one of the following: (a) the crimes were committed whileawaiting trial or sentencing, under sanction, or under post-releasecontrol; (b) the harm caused by multiple offenses was so great or unusualthat a single prison term would not adequately reflect the seriousness ofhis offense; or (c) the offender's criminal history demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime."
State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 45} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 46} Thus, a trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give the reasons for its findings pursuant to R.C. 2929.19(B)(2)(c). Stadmire, supra. Failure to sufficiently state these reasons on the record constitutes reversible error. Id.
 {¶ 47} In determining that the sentences imposed were to run consecutively, the court stated the following:
"When you look at 2929.14(E)(4), it says that there are findings to bemade before you can be sentenced to prison for consecutive terms, andthere's one I find appropriate to you, and that is that your history ofcriminal conduct demonstrates that consecutive sentences are necessary toprotect the public from future crimes by you, because you have been, overthe last nearly 20 years, repeatedly in the criminal justice system forcommission of thefts. You have been sent to prison numerous times, andyou persist in this behavior.
 "So I do find that consecutive service here is necessary to protect you— protect the public, rather, from future crimes by you and also topunish you.
 "Also, I will make consecutive sentences that are not disproportionateto the seriousness of your conduct and to the danger you represent."
 {¶ 48} The defense argues that the trial court made conclusory findings and did not provide reasons for its findings regarding proportionality. We do not agree.
 {¶ 49} We have previously recognized that R.C. 2929.14(E)(4) is satisfied when we can glean from the tenor of the trial court's comments, its findings, and the evidence that imposition of consecutive sentences is justified. See State v. Robinson, Cuyahoga App. No. 81610, 2003-Ohio-1353; State of Ohio v. Steven House, Cuyahoga App. No. 80939, 2002-Ohio-7227; State v. Franklin (May 10, 2001), Cuyahoga App. No. 77385.
 {¶ 50} During the sentencing hearing, the trial court discussed Turner's extensive prior criminal history, his lack of rehabilitation, the fact that he was out on bail when he was arrested in case number CR-399753, and the harm he had caused to the victims. Upon our review of the record, we conclude that the tenor of the trial court's comments, its findings, and the evidence were sufficient to impose consecutive sentences.
 {¶ 51} We also find that the trial court sufficiently set forth the reasons for its findings pursuant to R.C. 2929.19(B)(2)(c). As we stated in State v. Webb, Cuyahoga App. No. 80206, 2003-Ohio-1718: "Although the court did not specifically state the findings first and then relate its reasons to the findings, there is no obligation to do so in the sentencing statutes. The sentencing statutes do not put an obligation upon the lower court to provide the statutory findings and its reasons in such close proximity on the record in order for the reasons to be of effect."
 {¶ 52} In this case, the trial court detailed its reasoning throughout the sentencing hearing for its imposition of the maximum and consecutive sentences issued. We find that the trial court complied with the sentencing statutes and did not err in imposing the sentences to run consecutively.
 {¶ 53} Assignment of error number 4 is overruled.
 {¶ 54} Assignment of error number 5 states:
 {¶ 55} "The trial court failed to make the appropriate findings and reasons to justify the imposition of the maximum sentence."
 {¶ 56} In order for a trial court to impose the maximum sentence, it must make the required findings set forth in R.C. 2929.14(C), which provides in relevant part:
"* * * the court imposing a sentence upon an offender for a felony mayimpose the longest prison term authorized for the offense pursuant todivision (A) of this section only upon offenders who committed the worstform of the offense, [and] upon offenders who pose the greatestlikelihood of committing future crimes. * * *"
 {¶ 57} In State v. Edmonson (1999), 86 Ohio St.3d 324, 329, the Ohio Supreme Court held that in order to lawfully impose a maximum prison sentence, the record must reflect that the trial court found the defendant satisfied at least one of the criteria set forth in R.C.2929.14(C). It is not necessary for the trial court to use the exact language of R.C. 2929.14(C), as long as it is clear from the record that the court made the required findings. State v. Hollander (2001),144 Ohio App.3d 565.
 {¶ 58} In addition, R.C. 2929.19(B) requires the trial court "make a finding that gives its reasons for selecting the sentence imposed" and if that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term." Failure to enumerate the findings behind the sentence constitutes reversible error.Edmonson, 86 Ohio St.3d at 329.
 {¶ 59} In the instant case, the trial judge found that Turner was an offender who posed the greatest likelihood of committing future crimes. In making this finding, the trial judge stated: "Sadly, Mr. Turner, from your prior record and what has gone on here, that is you."
 {¶ 60} Turner argues that the trial court failed to provide its reasons for finding he posed the greatest likelihood to commit future crimes. However, the court clearly stated it was relying upon Turner's "prior record and what has gone on here." The record reflects that during the proceedings the court had also considered Turner's lengthy criminal history, his likelihood of recidivism, and his commission of offenses while out on bail. In view of the totality of the circumstances, this court cannot say the trial court erred by imposing the maximum sentence.
 {¶ 61} Assignment of error number 5 is overruled.
Judgment affirmed.
PATRICIA ANN BLACKMON, P.J., concurs.
ANTHONY O. CALABRESE, JR., J., concurs in judgment only.