JOURNAL ENTRY AND OPINION
{¶ 1} Angel Alvarado appeals the sentence imposed by the common pleas court as a result of his guilty plea to a charge of attempted robbery, in violation of R.C. 2923.02 and R.C.2911.02(A)(3). After a review of the record and arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} Appellant was indicted on one count of robbery relative to a shoplifting incident at a local department store. On March 2, 2004, he entered a plea of guilty to an amended charge of attempted robbery, in violation of R.C. 2923.02 and R.C.2911.02(A)(3). He was sentenced to the maximum penalty for a fourth degree felony, eighteen months incarceration, at a hearing held on March 24, 2004. Appellant now presents one assignment of error for our review.
 {¶ 3} "I. The trial court erred when it sentenced appellant to the maximum sentence without making the appropriate findings."
 {¶ 4} Abuse of discretion is not the standard of review with respect to sentencing, instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998),126 Ohio App.3d 485, citing Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122.
 {¶ 5} In order to impose the maximum sentence, the court must make the requisite findings under R.C. 2929.14(C). State v.Edmonson (1999), 86 Ohio St.3d 324, 325; followed by State v.Comer (2003), 99 Ohio St.3d 463. R.C. 2929.14(C) states: "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." It is not necessary for the trial court to use the exact language of R.C. 2929.14(C), as long as it is clear from the record that the court made the required findings. State v. Hollander (2001),144 Ohio App.3d 565, 760 N.E.2d 929; State v. Craddock,
Cuyahoga App. No. 82870, 2004-Ohio-627.
 {¶ 6} In the instant case, appellant pleaded guilty to a felony of the fourth degree, which is punishable by six to eighteen months in jail. At the close of the sentencing hearing, the trial court made the following statement:
 {¶ 7} "Since imposing the longest sentence available here, I think I explained the reason why. He has committed the worst form of the offense; he's got the greatest likelihood of committing future crimes. The record is replete, he has numerous records. He hasn't attempted to get counseling himself."
 {¶ 8} The trial court also noted that appellant was on post-release control at the time of the crime and that he has a lengthy criminal record. Finally, the court found that the appellant would have a high likelihood of recidivism if he was not sentenced to a substantial prison term.
 {¶ 9} Accordingly, we find that the record clearly indicates that the trial court made the required findings pursuant to R.C.2929.14(C) when sentencing appellant to the maximum penalty for this crime. There is no evidence that this sentence is contrary to law, nor is it unsupported by the record presented. Therefore, appellant's sole assignment of error is overruled and the trial court's decision must be upheld.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Gallagher, J., Concur.